## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVERIO PHARMA GMBH, BAYER AG, MSD PHARMA GMBH, AND MERCK SHARP & DOHME LLC, <br><br> Plaintiffs, <br><br> v. <br><br> CHANGZHOU PHARMACEUTICAL FACTORY, TEVA PHARMACEUTICALS, INC., TEVA PHARMACEUTICAL INDUSTRIES LTD., TORRENT PHARMACEUTICALS LTD., TORRENT PHARMA INC., MSN LABORATORIES PRIVATE LIMITED, MSN PHARMACEUTICALS, INC., ANNORA PHARMA PRIVATE LIMITED, AND HETERO USA INC., <br><br> Defendants. | C.A. No. 25-479-GBW |

## DEFENDANT CHANGZHOU PHARMACEUTICAL FACTORY'S
## ANSWER TO COMPLAINT AND ADDITIONAL DEFENSES

Defendant Changzhou Pharmaceutical Factory ("Changzhou" or "Defendant"), by its

attorneys, hereby submits its Answer and Additional Defenses to the Complaint (D.I. 1) filed by

Plaintiffs Adverio Pharma GmBH ("Adverio"), Bayer AG ("Bayer"), MSD Pharma GmbH

("MSD Pharma") and Merck Sharp & Dohme LLC ("Merck LLC") (collectively "Plaintiffs").

Changzhou denies all allegations in Plaintiffs' Complaint, except those expressly admitted below.

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, that arises out of the filing by various defendants of Abbreviated New Drug Applications ("ANDA") with the U.S. Food and Drug Administration ("FDA") seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic versions of Plaintiffs' VERQUVO® products prior to the expiration of one or more of U.S. Patent Nos. 8,420,656 ("the '656 patent"), 8,921,377 ("the '377 patent"), 9,604,948

("the '948 patent"), 9,993,476 ("the '476 patent"), 10,736,896 ("the '896 patent"), and 11,439,642 ("the '642 patent") (collectively, the "Asserted Patents").

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent an answer is required, Changzhou admits that Plaintiffs' Complaint purports to set forth an action for infringement arising from, *inter alia*, Changzhou's submission of Abbreviated New Drug Application ("ANDA") No. 220264 for its proposed vericiguat tablet product referring to Plaintiffs' VERQUVO® products and U.S. Patent Nos. 8,420,656 ("the '656 patent"), 8,921,377 ("the '377 patent"), 9,604,948 ("the '948 patent"), 9,993,476 ("the '476 patent"), 10,736,896 ("the '896 patent"), and 11,439,642 ("the '642 patent") (collectively, the "Asserted Patents") under the patent laws of the United States, Title 35 of the United States Code. Changzhou denies the remaining allegations in this paragraph.

## THE PARTIES

### Plaintiffs

2. Plaintiff Adverio is a corporation organized and existing under the laws of the Federal Republic of Germany, with a place of business at Kaiser-Wilhelm-Allee 1, D-51373 Leverkusen, Germany. Adverio is the assignee of each of the Asserted Patents.

**RESPONSE:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies those allegations.

3. Plaintiff Bayer is a corporation organized and existing under the laws of the Federal Republic of Germany, with a place of business at Kaiser-Wilhelm-Allee 1, 51373 Leverkusen.

**RESPONSE:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies those allegations.

4. Plaintiff MSD Pharma GmbH is a corporation organized and existing under the laws of the Federal Republic of Germany, with a place of business at Levelingstr. 4a 81673, München, Bayern Germany. MSD Pharma is an exclusive licensee under each of the Asserted Patents.

**RESPONSE:**

      Changzhou lacks knowledge or information sufficient to form a belief as to the truth of

the allegations of this paragraph and, therefore, denies those allegations.

5. Plaintiff Merck LLC is a limited liability company organized and existing under the laws of New Jersey, having its corporate offices and principal place of business at 126 E. Lincoln Avenue, Rahway, NJ 07065. Merck LLC is the holder of New Drug Application ("NDA") No. 214377 for VERQUVO® (vericiguat), which has been approved by the FDA.

**RESPONSE:**

      Changzhou lacks knowledge or information sufficient to form a belief as to the truth of

the allegations of this paragraph and, therefore, denies those allegations.

**Changzhou**

6. Upon information and belief, Changzhou Pharmaceutical Factory ("Changzhou") is a corporation organized and existing under the laws of China, having a principal place of business at No. 518 Laodong East Road Changzhou, Jiangsu, 213018 China.

**RESPONSE:**

      Admitted.

7. Upon information and belief, Changzhou is in the business of, among other things, manufacturing, marketing, distributing, offering for sale, and selling generic drug products. As a part of this business, upon information and belief, Changzhou files ANDAs with the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic versions of drug products that are covered by United States patents. Upon information and belief, as part of these ANDAs, Changzhou files certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug, and Cosmetic Act ("Paragraph IV Certifications") to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic drug products prior to the expiration of United States patents that cover such products.

**RESPONSE:**

Changzhou admits that it manufactures and/or markets pharmaceutical products and that it submitted ANDA No. 220264 to the FDA seeking approval to manufacture and sell its proposed vericiguat tablet products prior to the expiration of the Asserted Patents. Changzhou denies the remaining allegations in this paragraph.

8. Upon information and belief, Changzhou prepared and submitted ANDA No. 220264 for Changzhou's 2.5 mg, 5 mg, and 10 mg vericiguat tablets ("Changzhou's ANDA Products").

**RESPONSE:**

Admitted.

9. Upon information and belief, following any FDA approval of ANDA No. 220264, Changzhou will market, distribute, offer for sale, and sell Changzhou's ANDA Products throughout the United States, including within Delaware.

**RESPONSE:**

Changzhou admits that it submitted ANDA No. 220264 to the FDA seeking approval to manufacture and sell Changzhou's ANDA Products prior to the expiration of the Asserted Patents. Changzhou denies the remaining allegations in this paragraph.

10. Upon information and belief, following any FDA approval of ANDA No. 220264, Changzhou knows and intends that Changzhou's ANDA Products will be marketed, used, distributed, offered for sale, and sold in the United States, including in Delaware.

**RESPONSE:**

Changzhou admits that it submitted ANDA No. 220264 to the FDA seeking approval to manufacture and sell Changzhou's ANDA Products prior to the expiration of the Asserted Patents. Changzhou denies the remaining allegations in this paragraph.

## Teva

11. On information and belief, Teva Pharmaceuticals, Inc. ("Teva Inc.") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 400 Interpace Parkway, #3, Parsippany, New Jersey 07054. On information and belief, Teva Pharmaceuticals, Inc. is a wholly owned subsidiary of Teva Pharmaceutical Industries Ltd. ("Teva Ltd.").

12. On information and belief, Teva Ltd. is a corporation organized and existing under the laws of Israel, having a principal place of business at 124 Dvora HaNevi'a St. Tel Aviv 6944020, Israel.

13. On information and belief, Teva Inc. is in the business of, among other things, manufacturing, marketing, distributing, offering for sale, and selling generic drug products. As a part of this business, on information and belief, Teva Inc., acting in concert with Teva Ltd., files ANDAs with the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic versions of drug products that are covered by United States patents. On information and belief, as part of these ANDAs, Teva Inc., acting in concert with Teva Ltd., files Paragraph IV Certifications to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic drug products prior to the expiration of United States patents that cover such products.

14. On information and belief, Teva Inc. and Teva Ltd. acted in concert to prepare and submit ANDA No. 220286 for Teva Inc.'s 2 mg, 5 mg, and 2.5 mg vericiguat tablets ("Teva's ANDA Products"), which was done at the direction of, under the control of, and for the direct benefit of Teva Ltd.

15. On information and belief, Teva Inc. and Teva Ltd. are agents of each other, and/or operate in concert as integrated parts of the same business group, and enter into agreements with each other that are nearer than arm's length, including with respect to the development, regulatory approval, marketing, sale, offer for sale, and distribution of generic pharmaceutical products throughout the United States, including into Delaware, and including with respect Teva's ANDA Products at issue.

16. On information and belief, following any FDA approval of ANDA No. 220286, Teva Inc. and Teva Ltd. will act in concert to market, distribute, offer for sale, and sell Teva's ANDA Products throughout the United States and within Delaware. These three entities are hereafter collectively referred to as "Teva."

17. On information and belief, following any FDA approval of ANDA No. 220286, Teva knows and intends that its ANDA Products will be marketed, used, distributed, offered for sale, and sold in the United States and within Delaware.

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the allegations of each of paragraph Nos. 11 to No. 17 and therefore denies those allegations.

### Torrent

18. On information and belief, Defendant Torrent Pharmaceuticals, Limited is a corporation organized and existing under the laws of India, with a place of business at Torrent House, Off Ashram Road, Ahmedabad – 380 009, Gujarat, India.

19. On information and belief, Defendant Torrent Pharma Inc. is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 150 Allen Road, Suite 102, Basking Ridge, New Jersey.

20. On information and belief, Defendant Torrent Pharma Inc. is a wholly- owned subsidiary of Torrent Pharmaceuticals, Limited, and is controlled and dominated by Torrent Pharmaceuticals, Limited.

21. On information and belief, Torrent Pharmaceuticals, Limited is in the business of, among other things, manufacturing, marketing, distributing, offering for sale, and selling generic drug products. As a part of this business, on information and belief, Torrent Pharmaceuticals, Limited, acting in concert with Torrent Pharma Inc., files ANDAs with the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic versions of drug products that are covered by United States patents. On information and belief, as part of these ANDAs, Torrent Pharmaceuticals, Limited, acting in concert with Torrent Pharma Inc., files Paragraph IV Certifications to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic drug products prior to the expiration of United States patents that cover such products.

22. On information and belief, and consistent with their practice with respect to other generic products, Torrent Pharmaceuticals, Limited and Torrent Pharma Inc. acted in concert to prepare and submit ANDA No. 220221 for Torrent Pharmaceuticals, Limited's 2.5 mg vericiguat tablets ("Torrent's ANDA Product"), which was done at the direction of, under the control of, and for the direct benefit of Torrent Pharmaceuticals, Limited.

23. On information and belief, Torrent Pharmaceuticals, Limited and Torrent Pharma Inc. are agents of each other, and/or operate in concert as integrated parts of the same business group, and enter into agreements with each other that are nearer than arm's length, including with respect to the development, regulatory approval, marketing, sale, offer for sale, and distribution of generic pharmaceutical products throughout the United States, including into Delaware, and including with respect to the infringing Torrent's ANDA Product at issue.

24. On information and belief, following any FDA approval of ANDA No. 220221, Torrent Pharmaceuticals, Limited and Torrent Pharma Inc. will act in concert to market, distribute, offer for sale, and sell Torrent's ANDA Product throughout the United States and within Delaware. These two entities are hereafter collectively referred to as "Torrent."

25. On information and belief, following any FDA approval of ANDA No. 220221, Torrent knows and intends that its ANDA Product will be marketed, used, distributed, offered for sale, and sold in the United States and within Delaware.

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of each of paragraph Nos. 18 to No. 25 and therefore denies those allegations.

## MSN

26. On information and belief, defendant MSN Laboratories Private Ltd. is a corporation organized and existing under the laws of India, organized and existing under the laws of India, having a principal place of business at MSN House, Plot No.: C-24, Industrial Estate, Sanathnagar, Hyderabad, 500018, Telangana, India.

27. On information and belief, defendant MSN Pharmaceuticals Inc. is a corporation organized and existing under the laws of the State of Delaware, and having a principal place of business at 20 Duke Rd, Piscataway, NJ 08854-3714.

28. On information and belief, MSN Pharmaceuticals Inc. is a wholly owned subsidiary of MSN Laboratories Private Ltd.

29. On information and belief, MSN Laboratories Private Ltd is in the business of, among other things, manufacturing, marketing, distributing, offering for sale, and selling generic drug products. As a part of this business, on information and belief, MSN Laboratories Private Ltd, acting in concert with MSN Pharmaceuticals Inc., files ANDAs with the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic versions of drug products that are covered by United States patents. On information and belief, as part of these ANDAs, MSN Laboratories Private Ltd., acting in concert with MSN Pharmaceuticals Inc., files Paragraph IV Certifications to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic drug products prior to the expiration of United States patents that cover such products.

30. On information and belief, and consistent with their practice with respect to other generic products, MSN Laboratories Private Ltd. and MSN Pharmaceuticals Inc. acted in concert to prepare and submit ANDA No. 220354 for MSN Laboratories Private Ltd.'s 2.5 mg, 5 mg, and 10 mg vericiguat tablets ("MSN's ANDA Products"), which was done at the direction of, under the control of, and for the direct benefit of MSN Laboratories Private Ltd.

31. On information and belief, MSN Laboratories Private Ltd. and MSN Pharmaceuticals Inc. are agents of each other, and/or operate in concert as integrated parts of the same business group, and enter into agreements with each other that are nearer than arm's length, including with respect to the development, regulatory approval, marketing, sale, offer for sale, and distribution of generic pharmaceutical products throughout the United States, including into Delaware, and including with respect to the infringing MSN's ANDA Products at issue.

32. On information and belief, following any FDA approval of ANDA No. 220354, MSN Laboratories Private Ltd. and MSN Pharmaceuticals Inc. will act in concert to market, distribute, offer for sale, and sell MSN's ANDA Products throughout the United States and within Delaware. These two entities are hereafter collectively referred to as "MSN."

33. On information and belief, following any FDA approval of ANDA No. 220354, MSN knows and intends that its ANDA Products will be marketed, used, distributed, offered for sale, and sold in the United States and within Delaware.

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of each of paragraph Nos. 26 to No. 33 and therefore denies those allegations.

## **Annora**

34. On information and belief, Annora Pharma Private Limited is a corporation organized and existing under the laws of India, having a principal place of business at Sy. No. 261, Annaram Village, Gummadidal Mandal, Sangareddy District, Telangana State, 502313, India.

35. On information and belief, Hetero USA Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at 1035 Centennial Avenue, Piscataway, New Jersey 08854.

36. On information and belief, Somaraju Indukuri, Ph.D., is the agent for service of process in the United States for Annora Pharma Private Limited. On information and belief, Somaraju Indukuri acts at the direction of, under the control of, and/or for the benefit of Annora Pharma

Private Limited and is controlled by Annora Pharma Private Limited. On information and belief, Somaraju Indukuri holds title as Vice President, Regulatory Affairs, U.S. Agent, at Hetero USA Inc.

37. On information and belief, Annora Pharma Private Limited is in the business of, among other things, manufacturing, marketing, distributing, offering for sale, and selling generic drug products. As a part of this business, on information and belief, Annora Pharma Private Limited, acting in concert with Hetero USA Inc., files ANDAs with the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic versions of drug products that are covered by United States patents. On information and belief, as part of these ANDAs, Annora Pharma Private Limited, acting in concert with Hetero USA Inc., files Paragraph IV Certifications to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic drug products prior to the expiration of United States patents that cover such products.

38. On information and belief, and consistent with their practice with respect to other generic products, Annora Pharma Private Limited and Hetero USA Inc. acted in concert to prepare and submit ANDA No. 220244 for Annora Pharma Private Limited's 2.5 mg, 5 mg, and 10 mg vericiguat tablets ("Annora's ANDA Products"), which was done at the direction of, under the control of, and for the direct benefit of Annora Pharma Private Limited.

39. On information and belief, Annora Pharma Private Limited and Hetero USA Inc. are agents of each other, and/or operate in concert as integrated parts of the same business group, and enter into agreements with each other that are nearer than arm's length, including with respect to the development, regulatory approval, marketing, sale, offer for sale, and distribution of generic pharmaceutical products throughout the United States, including into Delaware, and including with respect to the infringing Annora's ANDA Products at issue.

40. On information and belief, following any FDA approval of ANDA No. 220244, Annora Pharma Private Limited and Hetero USA Inc. will act in concert to market, distribute, offer for sale, and sell Annora's ANDA Products throughout the United States and within Delaware. These two entities are hereafter collectively referred to as "Annora."

41. On information and belief, following any FDA approval of ANDA No. 220244, Annora knows and intends that its ANDA Products will be marketed, used, distributed, offered for sale, and sold in the United States and within Delaware.

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the allegations of each of paragraph Nos. 34 to No. 41 and therefore denies those allegations.

## JURISDICTION AND VENUE

42. Plaintiffs incorporate each of the preceding paragraphs as if each fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if fully set forth herein.

43. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent an answer is required, Changzhou admits that Plaintiffs' Complaint is for alleged patent infringement, but denies that Plaintiffs are entitled to any relief. Changzhou does not contest subject matter jurisdiction solely for the limited purposes of this action only. Changzhou denies the remaining allegations of this paragraph.

44. Based on the facts and causes alleged herein, and for additional reasons to be further developed through discovery if necessary, this Court has personal jurisdiction over each of the defendants.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent an answer is required, Changzhou does not contest personal jurisdiction solely for the limited purposes of this action only. Changzhou denies the remaining allegations of this paragraph.

## Changzhou

45. This Court has personal jurisdiction over Changzhou because, among other things, on information and belief: (1) Changzhou has filed an ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Changzhou's ANDA Products in the United States, including in Delaware; and (2) Changzhou will market, distribute, offer for sale, and/or sell Changzhou's ANDA Products in the United States, including in Delaware, upon approval of ANDA No. 220264, and will derive substantial revenue from the use or consumption of Changzhou's ANDA Products in the State of Delaware. On information and belief, if ANDA No. 220264 is approved, the generic Changzhou products charged with infringing the Asserted Patents would, among other things, be marketed, distributed, offered for sale, and/or sold in Delaware, prescribed by physicians practicing in Delaware, and dispensed by pharmacies located within Delaware, and/or used by patients in Delaware, all of which would have a substantial effect on Delaware.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent an answer is required, Changzhou admits that it submitted ANDA No. 220264 to the FDA seeking approval to manufacture and sell Changzhou's ANDA Products, and Changzhou does not contest personal jurisdiction solely for the limited purposes of this action only. Changzhou denies the remaining allegations of this paragraph.

46. Changzhou has consented to jurisdiction in Delaware in one or more prior cases arising out of the filing of their ANDAs, and they have filed counterclaims in such cases.

**RESPONSE:**

Changzhou admits that it did not contest personal jurisdiction in Delaware in one or more prior cases solely for the limited purposes of each of those actions only. Changzhou denies the remaining allegations of this paragraph.

47. Alternatively, if Changzhou's connections with Delaware are found to be insufficient to confer personal jurisdiction, then, upon information and belief, Changzhou is not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction over Changzhou Pharmaceuticals, Limited in Delaware is consistent with the United States Constitution and laws. *See* Fed. R. Civ. P. 4(k)(2).

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent an answer is required, Changzhou does not contest personal jurisdiction solely for the limited purposes of this action only. Changzhou denies the remaining allegations of this paragraph.

48. On information and belief, venue is proper in this district as to Changzhou because it is a Chinese corporation "not resident in the United States" that accordingly "may be sued in any judicial district" for venue purposes. 28 U.S.C. § 1391(c)(3); *see also In re HTC Corp.*, 889 F.3d 1349, 1355-56 (Fed. Cir. 2018) (reaffirming the "long-established rule that suits against aliens are wholly outside the operation of all the federal venue laws, general and special" (quoting *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 714 (1972))).

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent an

answer is required, Changzhou does not contest venue solely for the limited purposes of this

action only. Changzhou denies the remaining allegations of this paragraph.

### Teva

49. This Court has personal jurisdiction over Teva Inc. because, among other things, Teva Inc. is a corporation formed under the laws of the State of Delaware.

50. This Court has personal jurisdiction over Teva Inc. and Teva Ltd. because, among other things, on information and belief: (1) Teva Inc., acting in concert with Teva Ltd. has filed an ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Teva's ANDA Products in the United States, including in Delaware; and (2) Teva Inc., acting in concert with Teva Ltd., acting in concert and/or as agents of one another, will market, distribute, offer for sale, and/or sell Teva's ANDA Products in the United States, including in Delaware, upon approval of ANDA No. 220286, and will derive substantial revenue from the use or consumption of Teva's ANDA Products in the State of Delaware. On information and belief, if ANDA No. 220286 is approved, the generic Teva products charged with infringing the Asserted Patents would, among other things, be marketed, distributed, offered for sale, and/or sold in Delaware, prescribed by physicians practicing in Delaware, and dispensed by pharmacies located within Delaware, and/or used by patients in Delaware, all of which would have a substantial effect on Delaware.

51. Teva Ltd. and Teva Inc. have consented to jurisdiction in Delaware in one or more prior cases arising out of the filing of their ANDAs, and they have filed counterclaims in such cases.

52. Alternatively, if Teva Ltd.'s connections with Delaware, including its connections with Teva Inc., are found to be insufficient to confer personal jurisdiction, then, upon information and belief, Teva Ltd. is not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction over Teva Ltd. in Delaware is consistent with the United States Constitution and laws. *See* Fed. R. Civ. P. 4(k)(2).

53. On information and belief, venue is proper in this district as to Teva Inc. because, on information and belief, it is incorporated in Delaware, and thus the District of Delaware is the judicial district "where the defendant resides." 28 U.S.C. § 1400(b); see also *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1521 (2017) ("[a]s applied to domestic corporations, 'reside[nce]' in § 1400(b) refers only to the State of incorporation").

54. On information and belief, venue is proper in this district as to Teva Ltd. under 28 U.S.C. § 1391 because it is an Indian corporation "not resident in the United States" that accordingly "may be sued in any judicial district" for venue purposes. 28 U.S.C. § 1391(c)(3); *see also In re HTC Corp.*, 889 F.3d 1349, 1355-56 (Fed. Cir. 2018) (reaffirming the "long-established rule that suits against aliens are wholly outside the operation of all the federal venue laws, general and special" (quoting *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 714 (1972))).

### RESPONSES:

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of each of paragraph Nos. 49 to No. 54 and therefore denies those allegations.

## **Torrent**

55. This Court has personal jurisdiction over Torrent Pharma Inc. because, among other things, Torrent Pharma Inc. is a corporation formed under the laws of the State of Delaware.

56. This Court has personal jurisdiction over Torrent Pharmaceuticals, Limited and Torrent Pharma Inc. because, among other things, on information and belief: (1) Torrent Pharmaceuticals, Limited, acting in concert with Torrent Pharma Inc., has filed an ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Torrent's ANDA Product in the United States, including in Delaware; and (2) Torrent Pharmaceuticals, Limited and Torrent Pharma Inc., acting in concert and/or as agents of one another, will market, distribute, offer for sale, and/or sell Torrent's ANDA Product in the United States, including in Delaware, upon approval of ANDA No. 220221, and will derive substantial revenue from the use or consumption of Torrent's ANDA Product in the State of Delaware. On information and belief, if ANDA No. 220221 is approved, the generic Torrent product charged with infringing the Asserted Patents would, among other things, be marketed, distributed, offered for sale, and/or sold in Delaware, prescribed by physicians practicing in Delaware, and dispensed by pharmacies located within Delaware, and/or used by patients in Delaware, all of which would have a substantial effect on Delaware.

57. Torrent Pharmaceuticals, Limited and Torrent Pharma Inc. have consented to jurisdiction in Delaware in one or more prior cases arising out of the filing of their ANDAs, and they have filed counterclaims in such cases.

58. Alternatively, if Torrent Pharmaceuticals, Limited's connections with Delaware, including its connections with Torrent Pharma Inc., are found to be insufficient to confer personal jurisdiction, then, upon information and belief, Torrent Pharmaceuticals, Limited is not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction over Torrent Pharmaceuticals, Limited in Delaware is consistent with the United States Constitution and laws. *See* Fed. R. Civ. P. 4(k)(2).

59. On information and belief, venue is proper in this district as to Torrent Pharma Inc. because, on information and belief, it is incorporated in Delaware, and thus the District of Delaware is the judicial district "where the defendant resides." 28 U.S.C. § 1400(b); see also *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1521 (2017) ("[a]s applied to domestic corporations, 'reside[nce]' in § 1400(b) refers only to the State of incorporation").

60. On information and belief, venue is proper in this district as to Torrent Pharmaceuticals, Limited under 28 U.S.C. § 1391 because it is an Indian corporation "not resident in the United States" that accordingly "may be sued in any judicial district" for venue purposes. 28 U.S.C. § 1391(c)(3); *see also In re HTC Corp.*, 889 F.3d 1349, 1355-56 (Fed. Cir. 2018) (reaffirming the "long-established rule that suits against aliens are wholly outside the operation of all the federal venue laws, general and special" (quoting *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 714 (1972))).

## **RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the allegations of each of paragraph Nos. 55 to No. 60 and therefore denies those allegations.

**MSN**

61. This Court has personal jurisdiction over MSN Pharmaceuticals Inc. because, among other things, MSN Pharmaceuticals Inc. is a corporation formed under the laws of the State of Delaware.

62. This court has personal jurisdiction over MSN Laboratories Private Limited and MSN Pharmaceuticals Inc. because, among other things, on information and belief: (1) MSN Laboratories Private Limited, acting in concert with MSN Pharmaceuticals Inc., has filed an ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of MSN's ANDA Products in the United States, including in Delaware; and (2) MSN Laboratories Private Limited and MSN Pharmaceuticals Inc., acting in concert and/or as agents of one another, will market, distribute, offer for sale, and/or sell MSN's ANDA Products in the United States, including in Delaware, upon approval of ANDA No. 220354, and will derive substantial revenue from the use or consumption of MSN's ANDA Products in the State of Delaware. On information and belief, if ANDA No. 220354 is approved, the generic MSN products charged with infringing the Asserted Patents would, among other things, be marketed, distributed, offered for sale, and/or sold in Delaware, prescribed by physicians practicing in Delaware, and dispensed by pharmacies located within Delaware, and/or used by patients in Delaware, all of which would have a substantial effect on Delaware.

63. MSN Laboratories Private Limited and MSN Pharmaceuticals Inc. have consented to jurisdiction in Delaware in one or more prior cases arising out of the filing of their ANDAs, and they have filed counterclaims in such cases.

64. Alternatively, if MSN Laboratories Private Limited's connections with Delaware, including its connections with MSN Pharmaceuticals Inc., are found to be insufficient to confer personal jurisdiction, then, upon information and belief, MSN Laboratories Private Limited is not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction over MSN Laboratories Private Limited in Delaware is consistent with the United States Constitution and laws. *See* Fed. R. Civ. P. 4(k)(2).

65. On information and belief, venue is proper in this district as to MSN Pharmaceuticals Inc. because, on information and belief, it is incorporated in Delaware, and thus the District of Delaware is the judicial district "where the defendant resides." 28 U.S.C. § 1400(b); see also *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1521 (2017) ("[a]s applied to domestic corporations, 'reside[nce]' in § 1400(b) refers only to the State of incorporation").

66. On information and belief, venue is proper in this district as to MSN Laboratories Private Ltd. under 28 U.S.C. § 1391 because it is an Indian corporation "not resident in the United States" that accordingly "may be sued in any judicial district" for venue purposes. 28 U.S.C. § 1391(c)(3); *see also In re HTC Corp.*, 889 F.3d 1349, 1355-56 (Fed. Cir. 2018) (reaffirming the "long-established rule that suits against aliens are wholly outside the operation of all the federal venue laws, general and special" (quoting *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 714 (1972))).

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the allegations of each of paragraph Nos. 61 to No. 66 and therefore denies those allegations.

**<u>Annora</u>**

67. This Court has personal jurisdiction over Hetero Inc. because, among other things, Hetero Inc. is a corporation formed under the laws of the State of Delaware.

68. This court has personal jurisdiction over Annora Pharma Private Limited and Hetero Inc. because, among other things, on information and belief: (1) Annora Pharma Private Limited, acting in concert with Hetero Inc., has filed an ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Annora's ANDA Products in the United States, including in Delaware; and (2) Annora Pharma Private Limited and Hetero, Inc., acting in concert and/or as agents of one another, will market, distribute, offer for sale, and/or sell Annora's ANDA Products in the United States, including in Delaware, upon approval of ANDA No. 220244, and will derive substantial revenue from the use or consumption of Annora's ANDA Products in the State of Delaware. On information and belief, if ANDA No. 220244 is approved, the generic Annora products charged with infringing the Asserted Patents would, among other things, be marketed, distributed, offered for sale, and/or sold in Delaware, prescribed by physicians practicing in Delaware, and dispensed by pharmacies located within Delaware, and/or used by patients in Delaware, all of which would have a substantial effect on Delaware.

69. Annora Pharma Private Limited and Hetero Inc. have consented to jurisdiction in Delaware in one or more prior cases arising out of the filing of their ANDAs, and they have filed counterclaims in such cases.

70. Alternatively, if Annora Pharma Private Limited's connections with Delaware, including its connections with Hetero Inc., are found to be insufficient to confer personal jurisdiction, then, upon information and belief, Annora Pharma Private Limited is not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction over Annora Pharma Private Limited in Delaware is consistent with the United States Constitution and laws. *See* Fed. R. Civ. P. 4(k)(2).

71. On information and belief, venue is proper in the District of Delaware for Annora Pharma Private Limited because it is an Indian corporation "not resident in the United States" that accordingly "may be sued in any judicial district" for venue purposes. 28 U.S.C. § 1391(c)(3); *see also In re HTC Corp.*, 889 F.3d 1349, 1355-56 (Fed. Cir. 2018) (reaffirming the "long-established rule that suits against aliens are wholly outside the operation of all the federal venue laws, general and special" (quoting *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 714 (1972))).

72. On information and belief, venue is proper in the District of Delaware for Hetero Inc. because it is incorporated in Delaware, and thus the District of Delaware is the judicial district "where the defendant resides." 28 U.S.C. § 1400(b); see also *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1521 (2017) ("[a]s applied to domestic corporations, 'reside[nce]' in § 1400(b) refers only to the State of incorporation").

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the allegations of each of paragraph Nos. 67 to No. 72 and therefore denies those allegations.

## FACTUAL BACKGROUND

73. VERQUVO® (active ingredient vericiguat) is a soluble guanylate cyclase (sGC) stimulator, indicated to reduce the risk of cardiovascular death and heart failure (HF) hospitalization following a hospitalization for heart failure or need for outpatient IV diuretics, in adults with symptomatic chronic HF and ejection fraction less than 45%. VERQUVO® is available as tablets in 2.5 mg, 10 mg, and 15 mg dosage strengths.

**RESPONSE:**

Changzhou admits that VERQUVO® is a product that contains vericiguat as the active ingredient in 2.5 mg, 5 mg, and 10 mg dosage strengths. Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

### The '656 Patent

74. The '656 patent, entitled "Substituted 5-fluoro-1H-pyrazolopyridines and their use," was duly and legally issued on April 16, 2013. The '656 patent is attached as Exhibit A.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent an answer is required, Changzhou admits that a purported copy of the '656 patent was attached as Exhibit A to the Complaint and that on its face it is entitled "Substituted 5-fluoro-1H-pyrazolopyridines and their use," bearing a date of patent of April 16, 2013. Changzhou denies that the '656 patent was duly and legally issued and further denies any suggestion that the '656 patent is valid or enforceable. Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

75. As set forth in greater detail in the '656 patent, the claims of the '656 patent, incorporated by reference herein, cover, *inter alia*, vericiguat.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent an answer is required, Changzhou admits that the '656 patent speaks for itself. Changzhou denies the remaining allegations of this paragraph.

76. Pursuant to 21 U.S.C. § 355, the '656 patent is listed in the Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book") in connection with VERQUVO®.

**RESPONSE:**

Changzhou admits that based on the information published by the FDA the '656 patent is listed in the Orange Book in connection with VERQUVO®. Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

### The '377 Patent

77. The '377 patent, entitled "Substituted 5-fluoro-1H-pyrazolopyridines and their use", was duly and legally issued on December 30, 2014. The '377 patent is attached as Exhibit B.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent an answer is required, Changzhou admits that a purported copy of the '377 patent was attached as Exhibit B to the Complaint and that on its face it is entitled "Substituted 5-fluoro-1H-pyrazolopyridines and their use," bearing a date of patent of December 30, 2014.  Changzhou denies that the '377 patent was duly and legally issued and further denies any suggestion that the '377 patent is valid or enforceable. Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

16

78. As set forth in greater detail in the '377 patent, the claims of the '377 patent, incorporated by reference herein, cover, *inter alia*, methods of treatment of heart failure by administration of an effective amount of vericiguat or a pharmaceutical composition comprising vericiguat.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent an answer is required, Changzhou admits that the '377 patent speaks for itself. Changzhou denies the remaining allegations of this paragraph.

79. Pursuant to 21 U.S.C. § 355, the '377 patent is listed in the Orange Book in connection with VERQUVO®.

**RESPONSE:**

Changzhou admits that based on the information published by the FDA the '377 patent is listed in the Orange Book in connection with VERQUVO®. Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

**The '948 Patent**

80. The '948 patent, entitled "Process for preparing substituted 5-fluoro-1H- pyrazolopyridines," was duly and legally issued on March 28, 2017. The '948 patent is attached as Exhibit C.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent an answer is required, Changzhou admits that a purported copy of the '948 patent was attached as Exhibit C to the Complaint and that on its face it is entitled "Process for preparing substituted 5-fluoro-1H- pyrazolopyridines," bearing a date of patent of March 28, 2017.  Changzhou denies that the '948 patent was duly and legally issued and further denies any suggestion that the '948 patent is valid or enforceable. Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those

allegations.

81. As set forth in greater detail in the '948 patent, the claims of the '948 patent, incorporated by reference herein, cover, *inter alia*, vericiguat in crystalline form of polymorph I.

**RESPONSE:**

      This paragraph states legal conclusions to which no answer is required. To the extent an

answer is required, Changzhou admits that the '948 patent speaks for itself. Changzhou denies

the remaining allegations of this paragraph.

82. Pursuant to 21 U.S.C. § 355, the '948 patent is listed in the Orange Book in connection with VERQUVO®.

**RESPONSE:**

      Changzhou admits that based on the information published by the FDA the '948 patent is

listed in the Orange Book in connection with VERQUVO®. Changzhou lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of this

paragraph and, therefore, denies those allegations.

**The '476 Patent**

83. The '476 patent, entitled "Substituted 5-flouro-1H-pyrazolopyridines and their use," was duly and legally issued on June 12, 2018. The '476 patent is attached as Exhibit D.

**RESPONSE:**

      This paragraph states legal conclusions to which no answer is required. To the extent an

answer is required, Changzhou admits that a purported copy of the '476 patent was attached as

Exhibit D to the Complaint and that on its face it is entitled "Substituted 5-flouro-1H-

pyrazolopyridines and their use," bearing a date of patent of June 12, 2018. Changzhou denies

that the '476 patent was duly and legally issued and further denies any suggestion that the '476

patent is valid or enforceable. Changzhou lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those

allegations.

84. As set forth in greater detail in the '476 patent, the claims of the '476 patent, incorporated by reference herein, cover, *inter alia*, methods of treating or preventing one or more of coronary heart disease, systolic or diastolic heart failure, angina pectoris, ischaemias, peripheral and cardiac vascular disorders, kidney failure, renal insufficiency, and increased microalbuminurea, comprising administering a therapeutically effective amount of vericiguat.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent an answer is required, Changzhou admits that the '476 patent speaks for itself. Changzhou denies the remaining allegations of this paragraph.

85. Pursuant to 21 U.S.C. § 355, the '476 patent is listed in the Orange Book in connection with VERQUVO®.

**RESPONSE:**

Changzhou admits that based on the information published by the FDA the '476 patent is listed in the Orange Book in connection with VERQUVO®. Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

**The '896 Patent**

86. The '896 patent, entitled "Substituted 5-flouro-1H-pyrazolopyridines and their use," was duly and legally issued on August 11, 2020. The '896 patent is attached as Exhibit E.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent an answer is required, Changzhou admits that a purported copy of the '896 patent was attached as Exhibit E to the Complaint and that on its face it is entitled "Substituted 5-flouro-1H-pyrazolopyridines and their use," bearing a date of patent of August 11, 2020. Changzhou denies that the '896 patent was duly and legally issued and further denies any suggestion that the '896

patent is valid or enforceable. Changzhou lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those

allegations.

87. As set forth in greater detail in the '896 patent, the claims of the '896 patent, incorporated by reference herein, cover, *inter alia*, vericiguat and pharmaceutical formulations of vericiguat.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent an

answer is required, Changzhou admits that the '896 patent speaks for itself.  Changzhou denies

the remaining allegations of this paragraph.

88. Pursuant to 21 U.S.C. § 355, the '896 patent is listed in the Orange Book in connection with VERQUVO®.

**RESPONSE:**

Changzhou admits that based on the information published by the FDA the '896 patent is

listed in the Orange Book in connection with VERQUVO®. Changzhou lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of this

paragraph and, therefore, denies those allegations.

**The '642 Patent**

89. The '642 patent, entitled "Substituted 5-flouro-1H-pyrazolopyridines and their use," was duly and legally issued on September 13, 2022. The '642 patent is attached as Exhibit F.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent an

answer is required, Changzhou admits that a purported copy of the '642 patent was attached as

Exhibit F to the Complaint and that on its face it is entitled "Substituted 5-flouro-1H-

pyrazolopyridines and their use," bearing a date of patent of September 13, 2022. Changzhou

denies that the '642 patent was duly and legally issued and further denies any suggestion that the

'642 patent is valid or enforceable. Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

90. As set forth in greater detail in the '642 patent, the claims of the '642 patent, incorporated by reference herein, cover, *inter alia*, methods of treating or preventing one or more of coronary heart disease, systolic or diastolic heart failure, angina pectoris, ischaemias, peripheral and cardiac vascular disorders, kidney failure, renal insufficiency, and increased microalbuminuria by administering a therapeutically effective amount of vericiguat.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent an answer is required, Changzhou admits that the '642 patent speaks for itself.  Changzhou denies the remaining allegations of this paragraph.

91. Pursuant to 21 U.S.C. § 355, the '642 patent is listed in the Orange Book in connection with VERQUVO®.

**RESPONSE:**

Changzhou admits that based on the information published by the FDA the '642 patent is listed in the Orange Book in connection with VERQUVO®. Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

**Infringement by Changzhou**

92. By letter dated March 17, 2025 (the "Changzhou Notice Letter"), Changzhou notified Plaintiffs that Changzhou had submitted to the FDA ANDA No. 220264 for Changzhou's ANDA Products. These products are generic versions of VERQUVO®.

**RESPONSE:**

Changzhou admits that it sent Plaintiffs a letter dated March 17, 2025 notifying Plaintiffs that Changzhou had submitted to the FDA ANDA No. 220264 for Changzhou ANDA Products referring to VERQUVO® as the reference listed product. Changzhou denies the remaining

allegations in this paragraph.

93. In the Changzhou Notice Letter, Changzhou stated that Changzhou's ANDA Products contain vericiguat, which is a compound of the following formula:



**RESPONSE:**

Changzhou admits that Changzhou's ANDA Products contain vericiguat. Changzhou

denies the remaining allegations in this paragraph.

94. In the Changzhou Notice Letter, Changzhou stated that the dosage form for Changzhou's ANDA Products is an oral tablet.

**RESPONSE:**

Changzhou admits that the Changzhou Notice Letter states that the dosage form for

Changzhou's ANDA Products is oral tablet. Changzhou denies the remaining allegations in this

paragraph.

95. On information and belief, the proposed labeling for Changzhou's ANDA Products directs the use of Changzhou's ANDA Products to reduce the risk of cardiovascular death and heart failure (HF) hospitalization following a hospitalization for heart failure or need for outpatient IV diuretics, in adults with symptomatic chronic HF and ejection fraction less than 45%.

**RESPONSE:**

Changzhou admits that the proposed label for Changzhou's ANDA Products speaks for

itself. Changzhou denies the remaining allegations in this paragraph.

96. On information and belief, the vericiguat in Changzhou's ANDA Products is in crystalline form of Polymorph I. In Changzhou's Notice Letter, Changzhou did not set forth any theory of noninfringement with respect to any claim of the '948 patent.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent an

answer is required, Changzhou admits that each of its ANDA and Notice Letter speaks for itself.

Changzhou denies the remaining allegations of this paragraph.

97. On information and belief, the manufacture, use (including in accordance with and as directed by Changzhou's proposed labeling for Changzhou's ANDA Products), offer for sale, sale, marketing, distribution, and/or importation of Changzhou's ANDA Products will infringe, literally and/or under the doctrine of equivalents, at least claim 7 of the '656 patent.

**RESPONSE:**

Denied.

98. On information and belief, the manufacture, use (including in accordance with and as directed by Changzhou's proposed labeling for Changzhou's ANDA Products), offer for sale, sale, marketing, distribution, and/or importation of Changzhou's ANDA Products will infringe, literally and/or under the doctrine of equivalents, at least claim 8 of the '377 patent.

**RESPONSE:**

Denied.

99. On information and belief, the manufacture, use (including in accordance with and as directed by Changzhou's proposed labeling for Changzhou's ANDA Products), offer for sale, sale, marketing, distribution, and/or importation of Changzhou's ANDA Products will infringe, literally and/or under the doctrine of equivalents, at least claim 1 of the '948 patent.

**RESPONSE:**

Denied.

100. On information and belief, the manufacture, use (including in accordance with and as directed by Changzhou's proposed labeling for Changzhou's ANDA Products), offer for sale, sale, marketing, and/or importation of Changzhou's ANDA Products will infringe, literally and/or under the doctrine of equivalents, at least claim 4 of the '476 patent.

**RESPONSE:**

Denied.

101.   On information and belief, the manufacture, use (including in accordance with and as directed by Changzhou's proposed labeling for Changzhou's ANDA Products), offer for sale, sale, marketing, distribution, and/or importation of Changzhou's ANDA Products will infringe, literally and/or under the doctrine of equivalents, at least claim 4 of the '896 patent.

**RESPONSE:**

Denied.

102.   On information and belief, the manufacture, use (including in accordance with and as directed by Changzhou's proposed labeling for Changzhou's ANDA Products), offer for sale, sale, marketing, distribution, and/or importation of Changzhou's ANDA Products will infringe, literally and/or under the doctrine of equivalents, at least claim 1 of the '642 patent.

**RESPONSE:**

Denied.

103.   In the Changzhou Notice Letter, Changzhou indicated that, in connection with its ANDA No. 220264, Changzhou had filed Paragraph IV Certifications with respect to each of the Asserted Patents.

**RESPONSE:**

Admitted.

104.   The purpose of ANDA No. 220264 was to obtain approval under the Federal Food, Drug, and Cosmetic Act ("FDCA") to engage in the commercial manufacture, use, offer for sale, and/or sale of Changzhou's ANDA Products with their proposed labeling prior to the expiration of the Asserted Patents.

**RESPONSE:**

Changzhou admits that it submitted ANDA No. 220264 to the FDA seeking approval to

manufacture and sell Changzhou's ANDA Products prior to the expiration of the Asserted Patents.

Changzhou denies the remaining allegations in this paragraph.

105.   Changzhou intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Changzhou's ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 220264, *i.e.*, prior to the expiration of the Asserted Patents.

**RESPONSE:**

Changzhou admits that it submitted ANDA No. 220264 to the FDA seeking approval to manufacture and sell Changzhou's ANDA Products prior to the expiration of the Asserted Patents. Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

106.    Changzhou has knowledge of the claims of the Asserted Patents. Notwithstanding this knowledge, Changzhou has continued to assert its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Changzhou's ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 220264. On information and belief, by such activities, Changzhou specifically intends infringement of the Asserted patents.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent that an answer is required, Changzhou admits that it was aware of the Asserted Patents as of the date of the filing of its ANDA. Changzhou denies the remaining allegations of this paragraph.

107.    On information and belief, Changzhou plans and intends to, and will, actively induce infringement of the Asserted Patents when its ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.

**RESPONSE:**

Denied.

108.    On information and belief, Changzhou knows that Changzhou's ANDA Products are especially made or adapted for use in infringing the Asserted Patents, and that Changzhou's ANDA Products are not suitable for substantial noninfringing use. On information and belief, Changzhou plans and intends to, and will, contribute to infringement of the Asserted Patents immediately and imminently upon approval of ANDA No. 220264.

**RESPONSE:**

Denied.

109.    The foregoing actions by Changzhou constitute and/or will constitute infringement of the Asserted Patents, active inducement of infringement of the Asserted Patents, and/or contribution to the infringement by others of the Asserted Patents.

**RESPONSE:**

      Denied.

110.    An actual case or controversy exists between Plaintiffs and Changzhou with respect to infringement of each of the Asserted Patents.

**RESPONSE:**

      This paragraph states legal conclusions to which no answer is required. To the extent that an answer is required, Changzhou admits that Plaintiffs' Complaint purports to set forth an action for infringement with respect to the Asserted Patents. Changzhou denies the remaining allegations of this paragraph.

111.    This action is being commenced before the expiration of forty-five days from the date Plaintiffs received the Changzhou Notice Letter.

**RESPONSE:**

      Admitted.

## Infringement by Teva

112.    By letter dated March 6, 2025 (the "Teva Notice Letter"), Teva notified Plaintiffs that Teva Pharmaceuticals, Inc. had submitted to the FDA ANDA No. 220286 for Teva's ANDA Products. These products are generic versions of VERQUVO®.

113.    In the Teva Notice Letter, Teva stated that Teva's ANDA Products contain vericiguat, which is a compound of the following formula:



114.    In the Teva Notice Letter, Teva stated that the dosage form for Teva's ANDA Products is tablets for oral use.

115.    On information and belief, the proposed labeling for Teva's ANDA Products directs the use of Teva's ANDA Products to reduce the risk of cardiovascular death and heart failure (HF)

hospitalization following a hospitalization for heart failure or need for outpatient IV diuretics, in adults with symptomatic chronic HF and ejection fraction less than 45%.

116.    On information and belief, the vericiguat in Teva's ANDA Products is in crystalline form of Polymorph I. In Teva's Notice Letter, Teva did not set forth any theory of noninfringement with respect to any claim of the '948 patent, and indeed did not state that it had filed a paragraph IV certification with respect to the '948 patent.

117.    On information and belief, the manufacture, use (including in accordance with and as directed by Teva's proposed labeling for Teva's ANDA Products), offer for sale, sale, marketing, distribution, and/or importation of Teva's ANDA Products will infringe, literally and/or under the doctrine of equivalents, at least claim 7 of the '656 patent.

118.    On information and belief, the manufacture, use (including in accordance with and as directed by Teva's proposed labeling for Teva's ANDA Products), offer for sale, sale, marketing, distribution, and/or importation of Teva's ANDA Products will infringe, literally and/or under the doctrine of equivalents, at least claim 8 of the '377 patent.

119.    On information and belief, the manufacture, use (including in accordance with and as directed by Teva's proposed labeling for Teva's ANDA Products), offer for sale, sale, marketing, distribution, and/or importation of Teva's ANDA Products will infringe, literally and/or under the doctrine of equivalents, at least claim 1 of the '948 patent.

120.    On information and belief, the manufacture, use (including in accordance with and as directed by Teva's proposed labeling for Teva's ANDA Products), offer for sale, sale, marketing, distribution, and/or importation of Teva's ANDA Products will infringe, literally and/or under the doctrine of equivalents, at least claim 4 of the '476 patent.

121.    On information and belief, the manufacture, use (including in accordance with and as directed by Teva's proposed labeling for Teva's ANDA Products), offer for sale, sale, marketing, distribution, and/or importation of Teva's ANDA Products will infringe, literally and/or under the doctrine of equivalents, at least claim 4 of the '896 patent.

122.    On information and belief, the manufacture, use (including in accordance with and as directed by Teva's proposed labeling for Teva's ANDA Products), offer for sale, sale, marketing, distribution, and/or importation of Teva's ANDA Products will infringe, literally and/or under the doctrine of equivalents, at least claim 1 of the '642 patent.

123.    In the Teva Notice Letter, Teva indicated that, in connection with its ANDA No. 220286, Teva had filed a Paragraph IV Certification with respect to the '656 patent.

124.    The purpose of ANDA No. 220286 was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of Teva's ANDA Products with their proposed labeling prior to the expiration of the Asserted Patents.

125.    Teva intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Teva's ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 220286, *i.e.*, prior to the expiration of the Asserted Patents.

126.    On information and belief, Teva has knowledge of the claims of the Asserted Patents. On information and belief, notwithstanding this knowledge, Teva has continued to assert its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Teva's ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 208220. On information and belief, by such activities, Teva specifically intends infringement of the Asserted Patents.

127.    On information and belief, Teva plans and intends to, and will, actively induce infringement of the Asserted Patents when its ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.

128.    On information and belief, Teva knows that Teva's ANDA Products are especially made or adapted for use in infringing the Asserted Patents, and that Teva's ANDA Products are not suitable for substantial noninfringing use. On information and belief, Teva plans and intends to, and will, contribute to infringement of the Asserted Patents immediately and imminently upon approval of ANDA No. 220286.

129.    The foregoing actions by Teva constitute and/or will constitute infringement of the Asserted Patents, active inducement of infringement of the Asserted Patents, and/or contribution to the infringement by others of the Asserted Patents.

130.    An actual case or controversy exists between Plaintiffs and Teva with respect to infringement of each of the Asserted Patents.

131.    This action is being commenced before the expiration of forty-five days from the date Plaintiffs received the Teva Notice Letter.

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of each of paragraph Nos. 112 to No. 131 and therefore denies those allegations.

**Infringement by Torrent**

132.    By letter dated March 5, 2025 (the "Torrent Notice Letter"), Torrent notified Plaintiffs that Torrent had submitted to the FDA ANDA No. 220221 for Torrent's ANDA Product. This product is a generic version of VERQUVO®.

133.    The Torrent Notice Letter was accompanied by an Offer of Confidential Access to "certain information from" Torrent's ANDA No. 220221. However, the Offer of Confidential Access was subject to unreasonably restrictive confidentiality provisions. In addition, the Torrent Notice Letter did not offer to provide additional information, such as samples of Torrent's ANDA Product, which on information and belief is not accessible to the public.

134.    In the Torrent Notice Letter, Torrent stated that Torrent's ANDA Product contains vericiguat, which is a compound of the following formula:

135.    In the Torrent Notice Letter, Torrent stated that the dosage form for Torrent's ANDA Product is a tablet.

136.    On information and belief, the proposed labeling for Torrent's ANDA Product directs the use of Torrent's ANDA Product to reduce the risk of cardiovascular death and heart failure (HF) hospitalization following a hospitalization for heart failure or need for outpatient IV diuretics, in adults with symptomatic chronic HF and ejection fraction less than 45%.

137.    On information and belief, the vericiguat in Torrent's ANDA Product is in crystalline form of Polymorph I.

138.    On information and belief, the manufacture, use (including in accordance with and as directed by Torrent's proposed labeling for Torrent's ANDA Product), offer for sale, sale, marketing, distribution, and/or importation of Torrent's ANDA Product will infringe, literally and/or under the doctrine of equivalents, at least claim 7 of the '656 patent.

139.    On information and belief, the manufacture, use (including in accordance with and as directed by Torrent's proposed labeling for Torrent's ANDA Product), offer for sale, sale, marketing, distribution, and/or importation of Torrent's ANDA Product will infringe, literally and/or under the doctrine of equivalents, at least claim 8 of the '377 patent.

140.    On information and belief, the manufacture, use (including in accordance with and as directed by Torrent's proposed labeling for Torrent's ANDA Product), offer for sale, sale, marketing, distribution, and/or importation of Torrent's ANDA Product will infringe, literally and/or under the doctrine of equivalents, at least claim 1 of the '948 patent.

141.    On information and belief, the manufacture, use (including in accordance with and as directed by Torrent's proposed labeling for Torrent's ANDA Product), offer for sale, sale, marketing, distribution, and/or importation of Torrent's ANDA Product will infringe, literally and/or under the doctrine of equivalents, at least claim 4 of the '476 patent.

142.    On information and belief, the manufacture, use (including in accordance with and as directed by Torrent's proposed labeling for Torrent's ANDA Product), offer for sale, sale, marketing, distribution, and/or importation of Torrent's ANDA Product will infringe, literally and/or under the doctrine of equivalents, at least claim 4 of the '896 patent.

143.    On information and belief, the manufacture, use (including in accordance with and as directed by Torrent's proposed labeling for Torrent's ANDA Product), offer for sale, sale, marketing, distribution, and/or importation of Torrent's ANDA Product will infringe, literally and/or under the doctrine of equivalents, at least claim 1 of the '642 patent.

144.    In the Torrent Notice Letter, Torrent indicated that, in connection with its ANDA No. 220221, Torrent had filed a Paragraph IV Certification with respect to the Asserted Patents.

145.    The purpose of ANDA No. 220221 was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of Torrent's ANDA Product with its proposed labeling prior to the expiration of the Asserted Patents.

146.    Torrent intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Torrent's ANDA Product with its proposed labeling immediately and imminently upon approval of ANDA No. 220221, *i.e.*, prior to the expiration of the Asserted Patents.

147.    Torrent has knowledge of the claims of the Asserted Patents. Notwithstanding this knowledge, Torrent has continued to assert its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Torrent's ANDA Product with its proposed labeling immediately and imminently upon approval of ANDA No. 220221. On

information and belief, by such activities, Torrent specifically intends infringement of the Asserted Patents.

148.    On information and belief, Torrent plans and intends to, and will, actively induce infringement of the Asserted Patents when its ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.

149.    On information and belief, Torrent knows that Torrent's ANDA Product are especially made or adapted for use in infringing the Asserted Patents, and that Torrent's ANDA Product is not suitable for substantial noninfringing use. On information and belief, Torrent plans and intends to, and will, contribute to infringement of the Asserted Patents immediately and imminently upon approval of ANDA No. 220221.

150.    The foregoing actions by Torrent constitute and/or will constitute infringement of the Asserted Patents, active inducement of infringement of the Asserted Patents, and/or contribution to the infringement by others of the Asserted Patents.

151.    An actual case or controversy exists between Plaintiffs and Torrent with respect to infringement of each of the Asserted Patents.

152.    This action is being commenced before the expiration of forty-five days from the date Plaintiffs received the Torrent Notice Letter.

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of each of paragraph Nos. 132 to No. 152 and therefore denies those allegations.

**Infringement by MSN**

153.    By letter dated March 19, 2025 (the "MSN Notice Letter"), MSN notified Plaintiffs that MSN Laboratories Private Limited had submitted to the FDA ANDA No. 220354 for MSN's ANDA Products. These products are generic versions of VERQUVO®.

154.    The MSN Notice Letter was accompanied by an Offer of Confidential Access to "certain information from" MSN's ANDA No. 220354, "including certain portions of DMF No. 040459." However, the Offer of Confidential Access was subject to unreasonably restrictive confidentiality provisions. In addition, the MSN Notice Letter did not offer to provide additional information, such as samples of MSN's ANDA Products, which on information and belief is not accessible to the public.

155.    In the MSN Notice Letter, MSN stated that MSN's ANDA Products contain vericiguat, which is a compound of the following formula:

156.    In the MSN Notice Letter, MSN stated that the dosage form for MSN's ANDA Products is a tablet.

157.    On information and belief, the proposed labeling for MSN's ANDA Products directs the use of MSN's ANDA Products to reduce the risk of cardiovascular death and heart failure (HF) hospitalization following a hospitalization for heart failure or need for outpatient IV diuretics, in adults with symptomatic chronic HF and ejection fraction less than 45%.

158.    On information and belief, the vericiguat in MSN's ANDA Products is in crystalline form of Polymorph I.

159.    On information and belief, the manufacture, use (including in accordance with and as directed by MSN's proposed labeling for MSN's ANDA Products), offer for sale, sale, marketing, distribution, and/or importation of MSN's ANDA Products will infringe, literally and/or under the doctrine of equivalents, at least claim 7 of the '656 patent.

160.    On information and belief, the manufacture, use (including in accordance with and as directed by MSN's proposed labeling for MSN's ANDA Products), offer for sale, sale, marketing, distribution, and/or importation of MSN's ANDA Products will infringe, literally and/or under the doctrine of equivalents, at least claim 8 of the '377 patent.

161.    On information and belief, the manufacture, use (including in accordance with and as directed by MSN's proposed labeling for MSN's ANDA Products), offer for sale, sale, marketing, distribution, and/or importation of MSN's ANDA Products will infringe, literally and/or under the doctrine of equivalents, at least claim 1 of the '948 patent.

162.    On information and belief, the manufacture, use (including in accordance with and as directed by MSN's proposed labeling for MSN's ANDA Products), offer for sale, sale, marketing, distribution, and/or importation of MSN's ANDA Products will infringe, literally and/or under the doctrine of equivalents, at least claim 4 of the '476 patent.

163.    On information and belief, the manufacture, use (including in accordance with and as directed by MSN's proposed labeling for MSN's ANDA Products), offer for sale, sale, marketing, distribution, and/or importation of MSN's ANDA Products will infringe, literally and/or under the doctrine of equivalents, at least claim 4 of the '896 patent.

164.    On information and belief, the manufacture, use (including in accordance with and as directed by MSN's proposed labeling for MSN's ANDA Products), offer for sale, sale, marketing, distribution, and/or importation of MSN's ANDA Products will infringe, literally and/or under the doctrine of equivalents, at least claim 1 of the '642 patent.

165.    In the MSN Notice Letter, MSN indicated that, in connection with its ANDA No. 220354, MSN had filed Paragraph IV Certifications with respect to each of the Asserted Patents.

166.    The purpose of ANDA No. 220354 was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of MSN's ANDA Products with their proposed labeling prior to the expiration of the Asserted Patents.

167.    MSN intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of MSN's ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 220354, *i.e.*, prior to the expiration of the Asserted Patents.

168.    MSN has knowledge of the claims of the Asserted Patents. Notwithstanding this knowledge, MSN has continued to assert its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of MSN's ANDA Products with their proposed

labeling immediately and imminently upon approval of ANDA No. 220354. On information and belief, by such activities, MSN specifically intends infringement of the Asserted Patents.

169.   On information and belief, MSN plans and intends to, and will, actively induce infringement of the Asserted Patents when its ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.

170.   On information and belief, MSN knows that MSN's ANDA Products are especially made or adapted for use in infringing the Asserted Patents, and that MSN's ANDA Products are not suitable for substantial noninfringing use. On information and belief, MSN plans and intends to, and will, contribute to infringement of the Asserted Patents immediately and imminently upon approval of ANDA No. 220354.

171.   The foregoing actions by MSN constitute and/or will constitute infringement of the Asserted Patents, active inducement of infringement of the Asserted Patents, and/or contribution to the infringement by others of the Asserted Patents.

172.   An actual case or controversy exists between Plaintiffs and MSN with respect to infringement of each of the Asserted Patents.

173.   This action is being commenced before the expiration of forty-five days from the date Plaintiff received the MSN Notice Letter.

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of each of paragraph Nos. 153 to No. 173 and therefore denies those allegations.

**Infringement by Annora**

174.   By letter dated March 21, 2025 (the "Annora Notice Letter"), Annora notified Plaintiffs, among others, that Annora had submitted to the FDA ANDA No. 220244 for Annora's ANDA Products. These products are generic versions of VERQUVO®.

175.   In the Annora Notice Letter, Annora stated that Annora's ANDA Products contain vericiguat. which is a compound of the following formula:



176.   In the Annora Notice Letter, Annora stated that the dosage form for Annora's ANDA Products is oral tablets.

177.   On information and belief, the proposed labeling for Annora's ANDA Products directs the use of Annora's ANDA Products to reduce the risk of cardiovascular death and heart failure

(HF) hospitalization following a hospitalization for heart failure or need for outpatient IV diuretics, in adults with symptomatic chronic HF and ejection fraction less than 45%.

178.    On information and belief, the vericiguat in Annora's ANDA Products is in crystalline form of Polymorph I. In Annora's Notice Letter, Annora did not set forth any theory of noninfringement with respect to any claim of the '948 patent.

179.    On information and belief, the manufacture, use (including in accordance with and as directed by Annora's proposed labeling for Annora's ANDA Products), offer for sale, sale, marketing, distribution, and/or importation of Annora's ANDA Products will infringe, literally and/or under the doctrine of equivalents, at least claim 7 of the '656 patent.

180.    On information and belief, the manufacture, use (including in accordance with and as directed by Annora's proposed labeling for Annora's ANDA Products), offer for sale, sale, marketing, distribution, and/or importation of Annora's ANDA Products will infringe, literally and/or under the doctrine of equivalents, at least claim 8 of the '377 patent.

181.    On information and belief, the manufacture, use (including in accordance with and as directed by Annora's proposed labeling for Annora's ANDA Products), offer for sale, sale, marketing, distribution, and/or importation of Annora's ANDA Products will infringe, literally and/or under the doctrine of equivalents, at least claim 1 of the '948 patent.

182.    On information and belief, the manufacture, use (including in accordance with and as directed by Annora's proposed labeling for Annora's ANDA Products), offer for sale, sale, marketing, distribution, and/or importation of Annora's ANDA Products will infringe, literally and/or under the doctrine of equivalents, at least claim 4 of the '476 patent.

183.    On information and belief, the manufacture, use (including in accordance with and as directed by Annora's proposed labeling for Annora's ANDA Products), offer for sale, sale, marketing, distribution, and/or importation of Annora's ANDA Products will infringe, literally and/or under the doctrine of equivalents, at least claim 4 of the '896 patent.

184.    On information and belief, the manufacture, use (including in accordance with and as directed by Annora's proposed labeling for Annora's ANDA Products), offer for sale, sale, marketing, distribution, and/or importation of Annora's ANDA Products will infringe, literally and/or under the doctrine of equivalents, at least claim 1 of the '642 patent.

185.    In the Annora Notice Letter, Annora indicated that, in connection with its ANDA No. 220244, Annora had filed Paragraph IV Certifications with respect to each of the Asserted Patents.

186.    The purpose of ANDA No. 220244 was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of Annora's ANDA Products with their proposed labeling prior to the expiration of the Asserted Patents.

187.    Annora intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Annora's ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 220244, *i.e.*, prior to the expiration of the Asserted Patents.

188.    Annora has knowledge of the claims of the Asserted Patents. Notwithstanding this knowledge, Annora has continued to assert its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Annora's ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 220244. On information and belief, by such activities, Annora specifically intends infringement of the Asserted Patents.

189.    On information and belief, Annora plans and intends to, and will, actively induce infringement of the Asserted Patents when its ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.

190.    On information and belief, Annora knows that Annora's ANDA Products are especially made or adapted for use in infringing the Asserted Patents, and that Annora's ANDA Products are not suitable for substantial noninfringing use. On information and belief, Annora plans and intends to, and will, contribute to infringement of the Asserted Patents immediately and imminently upon approval of ANDA No. 220244.

191.    The foregoing actions by Annora constitute and/or will constitute infringement of the Asserted Patents, active inducement of infringement of the Asserted Patents, and/or contribution to the infringement by others of the Asserted Patents.

192.    An actual case or controversy exists between Plaintiffs and Annora with respect to infringement of each of the Asserted Patents.

193.    This action is being commenced before the expiration of forty-five days from the date Plaintiffs received the Annora Notice Letter.

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the allegations of each of paragraph Nos. 174 to No. 193 and therefore denies those allegations.

## COUNT 1
## (Infringement of the '656 Patent by Changzhou Under 35 U.S.C. § 271(e)(2))

194.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if fully set forth herein.

195.    Changzhou's submission of ANDA No. 220264 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Changzhou's ANDA Products was an act of infringement of the '656 patent under 35 U.S.C. § 271(e)(2).

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent that an answer is required, Changzhou admits that it submitted ANDA No. 220264 to the FDA seeking approval to manufacture and sell Changzhou's ANDA Product prior to the expiration of the Asserted Patents. Changzhou denies the remaining allegations in this paragraph.

196.   On information and belief, Changzhou has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import Changzhou's ANDA Products with their proposed labeling prior to the expiration of the '656 patent.

**RESPONSE:**

Changzhou admits that it submitted ANDA No. 220264 to the FDA seeking approval to manufacture and sell Changzhou's ANDA Product prior to the expiration of the Asserted Patents.

Changzhou denies the remaining allegations in this paragraph.

197.   Changzhou intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Changzhou's ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 220264, *i.e.*, prior to the expiration of the '656 patent.

**RESPONSE:**

Changzhou admits that it submitted ANDA No. 220264 to the FDA seeking approval to manufacture and sell Changzhou's ANDA Products prior to the expiration of the Asserted Patents.

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

198.   The foregoing actions by Changzhou constitute and/or will constitute infringement of the '656 patent, active inducement of infringement of the '656 patent, and/or contribution to the infringement by others of the '656 patent.

**RESPONSE:**

Denied.

199.   Unless Changzhou is enjoined from infringing the '656 patent, actively inducing infringement of the '656 patent, and contributing to the infringement by others of the '656 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**RESPONSE:**

Denied.

## COUNT 2
### (Declaration of Infringement of the '656 Patent by Changzhou)

200.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if fully set forth herein.

201.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Changzhou on the other regarding Changzhou's liability for infringement, active inducement of, and contribution to infringement of the '656 patent.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent that an answer is required, Changzhou admits that Plaintiffs' Complaint purports to set forth an action for infringement with respect to the Asserted Patents.  Changzhou denies the remaining allegations of this paragraph.

202.    An actual case or controversy exists between Plaintiffs and Changzhou with respect to Changzhou's liability for infringement of the '656 patent.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent that an answer is required, Changzhou admits that Plaintiffs' Complaint purports to set forth an action for infringement with respect to the Asserted Patents.  Changzhou denies the remaining allegations of this paragraph.

203.    The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Changzhou's ANDA Products will infringe, induce the infringement of, and/or contribute to the infringement of the '656 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**RESPONSE:**

Denied.

**COUNT 3**

**<ins>(Infringement of the '377 Patent by Changzhou Under 35 U.S.C. § 271(e)(2))</ins>**

204.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**<ins>RESPONSE:</ins>**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

205.    Changzhou's submission of ANDA No. 220264 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Changzhou's ANDA Products was an act of infringement of the '377 patent under 35 U.S.C. § 271(e)(2).

**<ins>RESPONSE:</ins>**

This paragraph states legal conclusions to which no answer is required. To the extent that

an answer is required, Changzhou admits that it submitted ANDA No. 220264 to the FDA

seeking approval to manufacture and sell Changzhou's ANDA Product prior to the expiration of

the Asserted Patents. Changzhou denies the remaining allegations in this paragraph.

206.    On information and belief, Changzhou has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import Changzhou's ANDA Products with their proposed labeling prior to the expiration of the '377 patent.

**<ins>RESPONSE:</ins>**

Changzhou admits that it submitted ANDA No. 220264 to the FDA seeking approval to

manufacture and sell Changzhou's ANDA Product prior to the expiration of the Asserted Patents.

Changzhou denies the remaining allegations in this paragraph.

207.    Changzhou intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Changzhou's ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 220264, *i.e.*, prior to the expiration of the '377 patent.

**<ins>RESPONSE:</ins>**

Changzhou admits that it submitted ANDA No. 220264 to the FDA seeking approval to

manufacture and sell Changzhou's ANDA Products prior to the expiration of the Asserted

Patents. Changzhou lacks knowledge or information sufficient to form a belief as to the truth of

the remaining allegations of this paragraph and, therefore, denies those allegations.

208.    The foregoing actions by Changzhou constitute and/or will constitute infringement of the '377 patent, active inducement of infringement of the '377 patent, and/or contribution to the infringement by others of the '377 patent.

**RESPONSE:**

    Denied.

209.    Unless Changzhou is enjoined from infringing the '377 patent, actively inducing infringement of the '377 patent, and contributing to the infringement by others of the '377 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**RESPONSE:**

    Denied.

## COUNT 4
### (Declaration of Infringement of the '377 Patent by Changzhou)

210.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

    Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

211.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Changzhou on the other regarding Changzhou's liability for infringement, active inducement of, and contribution to infringement of the '377 patent.

**RESPONSE:**

    This paragraph states legal conclusions to which no answer is required. To the extent that

an answer is required, Changzhou admits that Plaintiffs' Complaint purports to set forth an

action for infringement with respect to the Asserted Patents.  Changzhou denies the remaining

allegations of this paragraph.

212.    An actual case or controversy exists between Plaintiffs and Changzhou with respect to Changzhou's liability for infringement of the '377 patent.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent that

an answer is required, Changzhou admits that Plaintiffs' Complaint purports to set forth an

action for infringement with respect to the Asserted Patents.  Changzhou denies the remaining

allegations of this paragraph.

213.    The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Changzhou's ANDA Products will infringe, induce the infringement of, and/or contribute to the infringement of the '377 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**RESPONSE:**

Denied.

<u>**COUNT 5**</u>
<u>**(Infringement of the '948 Patent by Changzhou Under 35 U.S.C. § 271(e)(2))**</u>

214.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

215.    Changzhou's submission of ANDA No. 220264 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Changzhou's ANDA Products was an act of infringement of the '948 patent under 35 U.S.C. § 271(e)(2).

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent that

an answer is required, Changzhou admits that it submitted ANDA No. 220264 to the FDA

seeking approval to manufacture and sell Changzhou's ANDA Product prior to the expiration of

the Asserted Patents. Changzhou denies the remaining allegations in this paragraph.

216.    On information and belief, Changzhou has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import Changzhou's ANDA Products with their proposed labeling prior to the expiration of the '948 patent.

**RESPONSE:**

Changzhou admits that it submitted ANDA No. 220264 to the FDA seeking approval to manufacture and sell Changzhou's ANDA Product prior to the expiration of the Asserted Patents.

Changzhou denies the remaining allegations in this paragraph.

217.    Changzhou intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Changzhou's ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 220264, *i.e.*, prior to the expiration of the '948 patent.

**RESPONSE:**

Changzhou admits that it submitted ANDA No. 220264 to the FDA seeking approval to manufacture and sell Changzhou's ANDA Products prior to the expiration of the Asserted Patents.

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

218.    On information and belief, the foregoing actions by Changzhou constitute and/or will constitute infringement of the '948 patent, active inducement of infringement of the '948 patent, and/or contribution to the infringement by others of the '948 patent.

**RESPONSE:**

Denied.

219.    Unless Changzhou is enjoined from infringing the '948 patent, actively inducing infringement of the '948 patent, and contributing to the infringement by others of the '948 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**RESPONSE:**

Denied.

## COUNT 6
### (Declaration of Infringement of the '948 Patent by Changzhou)

220.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

221.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Changzhou on the other regarding Changzhou's liability for infringement, active inducement of, and contribution to infringement of the '948 patent.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent that

an answer is required, Changzhou admits that Plaintiffs' Complaint purports to set forth an

action for infringement with respect to the Asserted Patents.  Changzhou denies the remaining

allegations of this paragraph.

222.    An actual case or controversy exists between Plaintiffs and Changzhou with respect to Changzhou's liability for infringement of the '948 patent.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent that

an answer is required, Changzhou admits that Plaintiffs' Complaint purports to set forth an

action for infringement with respect to the Asserted Patents.  Changzhou denies the remaining

allegations of this paragraph.

223.    The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Changzhou's ANDA Products will infringe, induce the infringement of, and/or contribute to the infringement of the '948 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**RESPONSE:**

Denied.

## COUNT 7
### (Infringement of the '476 Patent by Changzhou Under 35 U.S.C. § 271(e)(2))

224.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

225.    Changzhou's submission of ANDA No. 220264 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Changzhou's ANDA Products was an act of infringement of the '476 patent under 35 U.S.C. § 271(e)(2).

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent that

an answer is required, Changzhou admits that it submitted ANDA No. 220264 to the FDA

seeking approval to manufacture and sell Changzhou's ANDA Product prior to the expiration of

the Asserted Patents. Changzhou denies the remaining allegations in this paragraph.

226.    On information and belief, Changzhou has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import Changzhou's ANDA Products with their proposed labeling prior to the expiration of the '476 patent.

**RESPONSE:**

Changzhou admits that it submitted ANDA No. 220264 to the FDA seeking approval to

manufacture and sell Changzhou's ANDA Product prior to the expiration of the Asserted Patents.

Changzhou denies the remaining allegations in this paragraph.

227.    Changzhou intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Changzhou's ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 220264, *i.e.*, prior to the expiration of the '476 patent.

**RESPONSE:**

Changzhou admits that it submitted ANDA No. 220264 to the FDA seeking approval to manufacture and sell Changzhou's ANDA Products prior to the expiration of the Asserted Patents. Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

228.    The foregoing actions by Changzhou constitute and/or will constitute infringement of the '476 patent, active inducement of infringement of the '476 patent, and/or contribution to the infringement by others of the '476 patent.

**RESPONSE:**

Denied.

229.    Unless Changzhou is enjoined from infringing the '476 patent, actively inducing infringement of the '476 patent, and contributing to the infringement by others of the '476 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**RESPONSE:**

Denied.

**COUNT 8**
**(Declaration of Infringement of the '476 Patent by Changzhou)**

230.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if fully set forth herein.

231.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Changzhou on the other regarding Changzhou's liability for infringement, active inducement of, and contribution to infringement of the '476 patent.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent that an answer is required, Changzhou admits that Plaintiffs' Complaint purports to set forth an

action for infringement with respect to the Asserted Patents.  Changzhou denies the remaining

allegations of this paragraph.

232.    An actual case or controversy exists between Plaintiffs and Changzhou with respect to
        Changzhou's liability for infringement of the '476 patent.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent that

an answer is required, Changzhou admits that Plaintiffs' Complaint purports to set forth an

action for infringement with respect to the Asserted Patents.  Changzhou denies the remaining

allegations of this paragraph.

233.    The Court should declare that the commercial manufacture, use, sale, offer for sale or
        importation of Changzhou's ANDA Products will infringe, induce the infringement of, and/or
        contribute to the infringement of the '476 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**RESPONSE:**

Denied.

## COUNT 9
### (Infringement of the '896 Patent by Changzhou Under 35 U.S.C. § 271(e)(2))

234.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

235.    Changzhou's submission of ANDA No. 220264 for the purpose of obtaining approval to
        engage in the commercial manufacture, use, offer for sale, and/or sale of Changzhou's ANDA
        Products was an act of infringement of the '896 patent under 35 U.S.C. § 271(e)(2).

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent that

an answer is required, Changzhou admits that it submitted ANDA No. 220264 to the FDA

seeking approval to manufacture and sell Changzhou's ANDA Product prior to the expiration of

the Asserted Patents. Changzhou denies the remaining allegations in this paragraph.

236.    On information and belief, Changzhou has made, and will continue to make, substantial
preparation in the United States to manufacture, use, sell, offer to sell, and/or import
Changzhou's ANDA Products with their proposed labeling prior to the expiration of the '896
patent.

**RESPONSE:**

Changzhou admits that it submitted ANDA No. 220264 to the FDA seeking approval to

manufacture and sell Changzhou's ANDA Product prior to the expiration of the Asserted Patents.

Changzhou denies the remaining allegations in this paragraph.

237.    Changzhou intends to engage in the manufacture, use, offer for sale, sale, marketing,
distribution, and/or importation of Changzhou's ANDA Products with their proposed labeling
immediately and imminently upon approval of ANDA No. 220264, *i.e.*, prior to the expiration
of the '896 patent.

**RESPONSE:**

Changzhou admits that it submitted ANDA No. 220264 to the FDA seeking approval to

manufacture and sell Changzhou's ANDA Products prior to the expiration of the Asserted Patents.

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of this paragraph and, therefore, denies those allegations.

238.    The foregoing actions by Changzhou constitute and/or will constitute infringement of
the '896 patent, active inducement of infringement of the '896 patent, and/or contribution to
the infringement by others of the '896 patent.

**RESPONSE:**

Denied.

239.    Unless Changzhou is enjoined from infringing the '896 patent, actively inducing
infringement of the '896 patent, and contributing to the infringement by others of the '896
patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**RESPONSE:**

Denied.

## COUNT 10
### (Declaration of Infringement of the '896 Patent by Changzhou)

240.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

241.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Changzhou on the other regarding Changzhou's liability for infringement, active inducement of, and contribution to infringement of the '896 patent.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent that

an answer is required, Changzhou admits that Plaintiffs' Complaint purports to set forth an

action for infringement with respect to the Asserted Patents.  Changzhou denies the remaining

allegations of this paragraph.

242.    An actual case or controversy exists between Plaintiffs and Changzhou with respect to Changzhou's liability for infringement of the '896 patent.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent that

an answer is required, Changzhou admits that Plaintiffs' Complaint purports to set forth an

action for infringement with respect to the Asserted Patents.  Changzhou denies the remaining

allegations of this paragraph.

243.    The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Changzhou's ANDA Products will infringe, induce the infringement of, and/or contribute to the infringement of the '896 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**RESPONSE:**

Denied.

## COUNT 11
### (Infringement of the '642 Patent by Changzhou Under 35 U.S.C. § 271(e)(2))

244.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

245.    Changzhou's submission of ANDA No. 220264 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Changzhou's ANDA Products was an act of infringement of the '642 patent under 35 U.S.C. § 271(e)(2).

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent that

an answer is required, Changzhou admits that it submitted ANDA No. 220264 to the FDA

seeking approval to manufacture and sell Changzhou's ANDA Product prior to the expiration of

the Asserted Patents. Changzhou denies the remaining allegations in this paragraph.

246.    On information and belief, Changzhou has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import Changzhou's ANDA Products with their proposed labeling prior to the expiration of the '642 patent.

**RESPONSE:**

Changzhou admits that it submitted ANDA No. 220264 to the FDA seeking approval to

manufacture and sell Changzhou's ANDA Product prior to the expiration of the Asserted Patents.

Changzhou denies the remaining allegations in this paragraph.

247.    Changzhou intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Changzhou's ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 220264, *i.e.*, prior to the expiration of the '642 patent.

**RESPONSE:**

Changzhou admits that it submitted ANDA No. 220264 to the FDA seeking approval to

manufacture and sell Changzhou's ANDA Products prior to the expiration of the Asserted Patents.

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of this paragraph and, therefore, denies those allegations.

248.    The foregoing actions by Changzhou constitute and/or will constitute infringement of
the '642 patent, active inducement of infringement of the '642 patent, and/or contribution to
the infringement by others of the '642 patent.

**RESPONSE:**

Denied.

249.    Unless Changzhou is enjoined from infringing the '642 patent, actively inducing
infringement of the '642 patent, and contributing to the infringement by others of the '642
patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**RESPONSE:**

Denied.

### COUNT 12
### (Declaration of Infringement of the '642 Patent by Changzhou)

250.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

251.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C.
§§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one
hand and Changzhou on the other regarding Changzhou's liability for infringement, active
inducement of, and contribution to infringement of the '642 patent.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent that

an answer is required, Changzhou admits that Plaintiffs' Complaint purports to set forth an

action for infringement with respect to the Asserted Patents. Changzhou denies the remaining

allegations of this paragraph.

252.    An actual case or controversy exists between Plaintiffs and Changzhou with respect to Changzhou's liability for infringement of the '642 patent.

**RESPONSE:**

This paragraph states legal conclusions to which no answer is required. To the extent that

an answer is required, Changzhou admits that Plaintiffs' Complaint purports to set forth an

action for infringement with respect to the Asserted Patents. Changzhou denies the remaining

allegations of this paragraph.

253.    The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Changzhou's ANDA Products will infringe, induce the infringement of, and/or contribute to the infringement of the '642 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**RESPONSE:**

Denied.

## COUNT 13
## (Infringement of the '656 Patent by Teva Under 35 U.S.C. § 271(e)(2))

254.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

255.    Teva's submission of ANDA No. 220286 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Teva's ANDA Products was an act of infringement of the '656 patent under 35 U.S.C. § 271(e)(2).

256.    On information and belief, Teva has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import Teva's ANDA Products with their proposed labeling prior to the expiration of the '656 patent.

257.    Teva intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Teva's ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 220286, *i.e.*, prior to the expiration of the '656 patent.

258.    The foregoing actions by Teva constitute and/or will constitute infringement of the '656 patent, active inducement of infringement of the '656 patent, and/or contribution to the infringement by others of the '656 patent.

259.    Unless Teva is enjoined from infringing the '656 patent, actively inducing infringement of the '656 patent, and contributing to the infringement by others of the '656 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the allegations of each of paragraph Nos. 255 to No. 259 and therefore denies those allegations.

## COUNT 14
### (Declaration of Infringement of the '656 Patent by Teva)

260.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if fully set forth herein.

261.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Teva on the other regarding Teva's liability for infringement, active inducement of, and contribution to infringement of the '656 patent.

262.    An actual case or controversy exists between Plaintiffs and Teva with respect to Teva's liability for infringement of the '656 patent.

263.    The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Teva's ANDA Products will infringe, induce the infringement of, and/or contribute to the infringement of the '656 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the allegations of each of paragraph Nos. 261 to No. 263 and therefore denies those allegations.

## COUNT 15
### (Declaration of Infringement of the '377 Patent by Teva)

264.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

265.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Teva on the other regarding Teva's liability for infringement, active inducement of, and contribution to infringement of the '377 patent.

266.    On information and belief, Teva has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import Teva's ANDA Products with their proposed labeling prior to the expiration of the '377 patent.

267.    Teva intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Teva's ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 220286, *i.e.*, prior to the expiration of the '377 patent.

268.    The foregoing actions by Teva constitute and/or will constitute infringement of the '377 patent, active inducement of infringement of the '377 patent, and/or contribution to the infringement by others of the '377 patent.

269.    Unless Teva is enjoined from infringing the '377 patent, actively inducing infringement of the '377 patent, and contributing to the infringement by others of the '377 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

270.    An actual case or controversy exists between Plaintiffs and Teva with respect to Teva's liability for infringement of the '377 patent.

271.    The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Teva's ANDA Products will infringe, induce the infringement of, and/or contribute to the infringement of the '377 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of each of paragraph Nos. 265 to No. 271 and therefore denies those allegations.

**COUNT 16**
**(Declaration of Infringement of the '948 Patent by Teva)**

272.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

273.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand

and Teva on the other regarding Teva's liability for infringement, active inducement of, and contribution to infringement of the '948 patent.

274.    On information and belief, Teva has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import Teva's ANDA Products with their proposed labeling prior to the expiration of the '948 patent.

275.    On information and belief, Teva intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Teva's ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 220286, *i.e.*, prior to the expiration of the '948 patent.

276.    On information and belief, the foregoing actions by Teva constitute and/or will constitute infringement of the '948 patent, active inducement of infringement of the '948 patent, and/or contribution to the infringement by others of the '948 patent.

277.    Unless Teva is enjoined from infringing the '948 patent, actively inducing infringement of the '948 patent, and contributing to the infringement by others of the '948 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

278.    An actual case or controversy exists between Plaintiffs and Teva with respect to Teva's liability for infringement of the '948 patent.

279.    The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Teva's ANDA Products will infringe, induce the infringement of, and/or contribute to the infringement of the '948 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of each of paragraph Nos. 273 to No. 279 and therefore denies those allegations.

**COUNT 17**
**(Declaration of Infringement of the '476 Patent by Teva)**

280.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

281.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Teva on the other regarding Teva's liability for infringement, active inducement of, and contribution to infringement of the '476 patent.

282.    On information and belief, Teva has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import Teva's ANDA Products with their proposed labeling prior to the expiration of the '476 patent.

283.    Teva intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Teva's ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 220286, *i.e.*, prior to the expiration of the '476 patent.

284.    The foregoing actions by Teva constitute and/or will constitute infringement of the '476 patent, active inducement of infringement of the '476 patent, and/or contribution to the infringement by others of the '476 patent.

285.    Unless Teva is enjoined from infringing the '476 patent, actively inducing infringement of the '476 patent, and contributing to the infringement by others of the '476 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

286.    An actual case or controversy exists between Plaintiffs and Teva with respect to Teva's liability for infringement of the '476 patent.

287.    The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Teva's ANDA Products will infringe, induce the infringement of, and/or contribute to the infringement of the '476 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of each of paragraph Nos. 281 to No. 287 and therefore denies those allegations.

**COUNT 18**
**(Declaration of Infringement of the '896 Patent by Teva)**

288.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

289.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Teva on the other regarding Teva's liability for infringement, active inducement of, and contribution to infringement of the '896 patent.

290.    On information and belief, Teva has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import Teva's ANDA Products with their proposed labeling prior to the expiration of the '896 patent.

291.    Teva intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Teva's ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 220286, *i.e.*, prior to the expiration of the '896 patent.

292.    The foregoing actions by Teva constitute and/or will constitute infringement of the '896 patent, active inducement of infringement of the '896 patent, and/or contribution to the infringement by others of the '896 patent.

293.  Unless Teva is enjoined from infringing the '896 patent, actively inducing infringement of the '896 patent, and contributing to the infringement by others of the '896 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

294.  An actual case or controversy exists between Plaintiffs and Teva with respect to Teva's liability for infringement of the '896 patent.

295.  The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Teva's ANDA Products will infringe, induce the infringement of, and/or contribute to the infringement of the '896 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of each of paragraph Nos. 289 to No. 295 and therefore denies those allegations.

**COUNT 19**
**(Declaration of Infringement of the '642 Patent by Teva)**

296.  Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

297.  The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Teva on the other regarding Teva's liability for infringement, active inducement of, and contribution to infringement of the '642 patent.

298.  On information and belief, Teva has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import Teva's ANDA Products with their proposed labeling prior to the expiration of the '642 patent.

299.  Teva intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Teva's ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 220286, *i.e.*, prior to the expiration of the '642 patent.

300.  The foregoing actions by Teva constitute and/or will constitute infringement of the '642 patent, active inducement of infringement of the '642 patent, and/or contribution to the infringement by others of the '642 patent.

301.  Unless Teva is enjoined from infringing the '642 patent, actively inducing infringement of the '642 patent, and contributing to the infringement by others of the '642 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

302.  An actual case or controversy exists between Plaintiffs and Teva with respect to Teva's liability for infringement of the '642 patent.

303.    The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Teva's ANDA Products will infringe, induce the infringement of, and/or contribute to the infringement of the '642 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of each of paragraph Nos. 297 to No. 303 and therefore denies those allegations.

## COUNT 20
### (Infringement of the '656 Patent by Torrent Under 35 U.S.C. § 271(e)(2))

304.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

305.    Torrent's submission of ANDA No. 220221 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Torrent's ANDA Product was an act of infringement of the '656 patent under 35 U.S.C. § 271(e)(2).

306.    On information and belief, Torrent has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import Torrent's ANDA Product with its proposed labeling prior to the expiration of the '656 patent.

307.    Torrent intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Torrent's ANDA Product with its proposed labeling immediately and imminently upon approval of ANDA No. 220221, *i.e.*, prior to the expiration of the '656 patent.

308.    The foregoing actions by Torrent constitute and/or will constitute infringement of the '656 patent, active inducement of infringement of the '656 patent, and/or contribution to the infringement by others of the '656 patent.

309.    Unless Torrent is enjoined from infringing the '656 patent, actively inducing infringement of the '656 patent, and contributing to the infringement by others of the '656 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of each of paragraph Nos. 305 to No. 309 and therefore denies those allegations.

## COUNT 21
### (Declaration of Infringement of the '656 Patent by Torrent)

310.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

311.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Torrent on the other regarding Torrent's liability for infringement, active inducement of, and contribution to infringement of the '656 patent.

312.    An actual case or controversy exists between Plaintiffs and Torrent with respect to Torrent's liability for infringement of the '656 patent.

313.    The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Torrent's ANDA Product will infringe, induce the infringement of, and/or contribute to the infringement of the '656 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of each of paragraph Nos. 311 to No. 313 and therefore denies those allegations.

## COUNT 22
### (Infringement of the '377 Patent by Torrent Under 35 U.S.C. § 271(e)(2))

314.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

315.    Torrent's submission of ANDA No. 220221 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Torrent's ANDA Product was an act of infringement of the '377 patent under 35 U.S.C. § 271(e)(2).

316.    On information and belief, Torrent has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import Torrent's ANDA Product with its proposed labeling prior to the expiration of the '377 patent.

317.    Torrent intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Torrent's ANDA Product with its proposed labeling immediately and imminently upon approval of ANDA No. 220221, *i.e.*, prior to the expiration of the '377 patent.

318. The foregoing actions by Torrent constitute and/or will constitute infringement of the '377 patent, active inducement of infringement of the '377 patent, and/or contribution to the infringement by others of the '377 patent.

319. Unless Torrent is enjoined from infringing the '377 patent, actively inducing infringement of the '377 patent, and contributing to the infringement by others of the '377 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of each of paragraph Nos. 315 to No. 319 and therefore denies those allegations.

## COUNT 23
### (Declaration of Infringement of the '377 Patent by Torrent)

320. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

321. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Torrent on the other regarding Torrent's liability for infringement, active inducement of, and contribution to infringement of the '377 patent.

322. An actual case or controversy exists between Plaintiffs and Torrent with respect to Torrent's liability for infringement of the '377 patent.

323. The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Torrent's ANDA Product will infringe, induce the infringement of, and/or contribute to the infringement of the '377 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of each of paragraph Nos. 321 to No. 323 and therefore denies those allegations.

## COUNT 24
### (Infringement of the '948 Patent by Torrent Under 35 U.S.C. § 271(e)(2))

324. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if fully set forth herein.

325.    Torrent's submission of ANDA No. 220221 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Torrent's ANDA Product was an act of infringement of the '948 patent under 35 U.S.C. § 271(e)(2).

326.    On information and belief, Torrent has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import Torrent's ANDA Product with its proposed labeling prior to the expiration of the '948 patent.

327.    Torrent intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Torrent's ANDA Product with its proposed labeling immediately and imminently upon approval of ANDA No. 220221, *i.e.*, prior to the expiration of the '948 patent.

328.    On information and belief, the foregoing actions by Torrent constitute and/or will constitute infringement of the '948 patent, active inducement of infringement of the '948 patent, and/or contribution to the infringement by others of the '948 patent.

329.    Unless Torrent is enjoined from infringing the '948 patent, actively inducing infringement of the '948 patent, and contributing to the infringement by others of the '948 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the allegations of each of paragraph Nos. 325 to No. 329 and therefore denies those allegations.

**COUNT 25**
**(Declaration of Infringement of the '948 Patent by Torrent)**

330.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if fully set forth herein.

331.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Torrent on the other regarding Torrent's liability for infringement, active inducement of, and contribution to infringement of the '948 patent.

332.    An actual case or controversy exists between Plaintiffs and Torrent with respect to Torrent's liability for infringement of the '948 patent.

333.    The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Torrent's ANDA Product will infringe, induce the infringement of, and/or contribute to the infringement of the '948 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of each of paragraph Nos. 331 to No. 333 and therefore denies those allegations.

## COUNT 26
### (Infringement of the '476 Patent by Torrent Under 35 U.S.C. § 271(e)(2))

334.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

335.    Torrent's submission of ANDA No. 220221 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Torrent's ANDA Product was an act of infringement of the '476 patent under 35 U.S.C. § 271(e)(2).

336.    On information and belief, Torrent has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import Torrent's ANDA Product with its proposed labeling prior to the expiration of the '476 patent.

337.    Torrent intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Torrent's ANDA Product with its proposed labeling immediately and imminently upon approval of ANDA No. 220221, *i.e.*, prior to the expiration of the '476 patent.

338.    The foregoing actions by Torrent constitute and/or will constitute infringement of the '476 patent, active inducement of infringement of the '476 patent, and/or contribution to the infringement by others of the '476 patent.

339.    Unless Torrent is enjoined from infringing the '476 patent, actively inducing infringement of the '476 patent, and contributing to the infringement by others of the '476 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of each of paragraph Nos. 335 to No. 339 and therefore denies those allegations.

## COUNT 27
### (Declaration of Infringement of the '476 Patent by Torrent)

340.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

341.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Torrent on the other regarding Torrent's liability for infringement, active inducement of, and contribution to infringement of the '476 patent.

342.    An actual case or controversy exists between Plaintiffs and Torrent with respect to Torrent's liability for infringement of the '476 patent.

343.    The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Torrent's ANDA Product will infringe, induce the infringement of, and/or contribute to the infringement of the '476 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of each of paragraph Nos. 341 to No. 343 and therefore denies those allegations.

## COUNT 28
### (Infringement of the '896 Patent by Torrent Under 35 U.S.C. § 271(e)(2))

344.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

345.    Torrent's submission of ANDA No. 220221 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Torrent's ANDA Product was an act of infringement of the '896 patent under 35 U.S.C. § 271(e)(2).

346.    On information and belief, Torrent has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import Torrent's ANDA Product with its proposed labeling prior to the expiration of the '896 patent.

347.    Torrent intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Torrent's ANDA Product with its proposed labeling immediately and imminently upon approval of ANDA No. 220221, *i.e.*, prior to the expiration of the '896 patent.

348.　The foregoing actions by Torrent constitute and/or will constitute infringement of the '896 patent, active inducement of infringement of the '896 patent, and/or contribution to the infringement by others of the '896 patent.

349.　Unless Torrent is enjoined from infringing the '896 patent, actively inducing infringement of the '896 patent, and contributing to the infringement by others of the '896 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of each of paragraph Nos. 345 to No. 349 and therefore denies those allegations.

## COUNT 29
## (Declaration of Infringement of the '896 Patent by Torrent)

350.　Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

351.　The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Torrent on the other regarding Torrent's liability for infringement, active inducement of, and contribution to infringement of the '896 patent.

352.　An actual case or controversy exists between Plaintiffs and Torrent with respect to Torrent's liability for infringement of the '896 patent.

353.　The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Torrent's ANDA Product will infringe, induce the infringement of, and/or contribute to the infringement of the '896 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of each of paragraph Nos. 351 to No. 353 and therefore denies those allegations.

## COUNT 30
## (Infringement of the '642 Patent by Torrent Under 35 U.S.C. § 271(e)(2))

354.　Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if fully set forth herein.

355.    Torrent's submission of ANDA No. 220221 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Torrent's ANDA Product was an act of infringement of the '642 patent under 35 U.S.C. § 271(e)(2).

356.    On information and belief, Torrent has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import Torrent's ANDA Product with its proposed labeling prior to the expiration of the '642 patent.

357.    Torrent intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Torrent's ANDA Product with its proposed labeling immediately and imminently upon approval of ANDA No. 220221, *i.e.*, prior to the expiration of the '642 patent.

358.    The foregoing actions by Torrent constitute and/or will constitute infringement of the '642 patent, active inducement of infringement of the '642 patent, and/or contribution to the infringement by others of the '642 patent.

359.    Unless Torrent is enjoined from infringing the '642 patent, actively inducing infringement of the '642 patent, and contributing to the infringement by others of the '642 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the allegations of each of paragraph Nos. 355 to No. 359 and therefore denies those allegations.

**COUNT 31**
**(Declaration of Infringement of the '642 Patent by Torrent)**

360.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if fully set forth herein.

361.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Torrent on the other regarding Torrent's liability for infringement, active inducement of, and contribution to infringement of the '642 patent.

362.    An actual case or controversy exists between Plaintiffs and Torrent with respect to Torrent's liability for infringement of the '642 patent.

363.    The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Torrent's ANDA Product will infringe, induce the infringement of, and/or contribute to the infringement of the '642 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of each of paragraph Nos. 361 to No. 363 and therefore denies those allegations.

## COUNT 32
### (Infringement of the '656 Patent by MSN Under 35 U.S.C. § 271(e)(2))

364.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

365.    MSN's submission of ANDA No. 220354 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of MSN's ANDA Products was an act of infringement of the '656 patent under 35 U.S.C. § 271(e)(2).

366.    On information and belief, MSN has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import MSN's ANDA Products with their proposed labeling prior to the expiration of the '656 patent.

367.    MSN intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of MSN's ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 220354, *i.e.*, prior to the expiration of the '656 patent.

368.    The foregoing actions by MSN constitute and/or will constitute infringement of the '656 patent, active inducement of infringement of the '656 patent, and/or contribution to the infringement by others of the '656 patent.

369.    Unless MSN is enjoined from infringing the '656 patent, actively inducing infringement of the '656 patent, and contributing to the infringement by others of the '656 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of each of paragraph Nos. 365 to No. 369 and therefore denies those allegations.

## COUNT 33
### (Declaration of Infringement of the '656 Patent by MSN)

370.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

371.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and MSN on the other regarding MSN's liability for infringement, active inducement of, and contribution to infringement of the '656 patent.

372.    An actual case or controversy exists between Plaintiffs and MSN with respect to MSN's liability for infringement of the '656 patent.

373.    The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of MSN's ANDA Products will infringe, induce the infringement of, and/or contribute to the infringement of the '656 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of each of paragraph Nos. 371 to No. 373 and therefore denies those allegations.

**COUNT 34**
**(Infringement of the '377 Patent by MSN Under 35 U.S.C. § 271(e)(2))**

374.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

375.    MSN's submission of ANDA No. 220354 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of MSN's ANDA Products was an act of infringement of the '377 patent under 35 U.S.C. § 271(e)(2).

376.    On information and belief, MSN has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import MSN's ANDA Products with their proposed labeling prior to the expiration of the '377 patent.

377.    MSN intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of MSN's ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 220354, *i.e.*, prior to the expiration of the '377 patent.

378.    The foregoing actions by MSN constitute and/or will constitute infringement of the '377 patent, active inducement of infringement of the '377 patent, and/or contribution to the infringement by others of the '377 patent.

379.    Unless MSN is enjoined from infringing the '377 patent, actively inducing infringement of the '377 patent, and contributing to the infringement by others of the '377 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of each of paragraph Nos. 375 to No. 379 and therefore denies those allegations.

## COUNT 35
### (Declaration of Infringement of the '377 Patent by MSN)

380.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

381.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and MSN on the other regarding MSN's liability for infringement, active inducement of, and contribution to infringement of the '377 patent.

382.    An actual case or controversy exists between Plaintiffs and MSN with respect to MSN's liability for infringement of the '377 patent.

383.    The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of MSN's ANDA Products will infringe, induce the infringement of, and/or contribute to the infringement of the '377 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of each of paragraph Nos. 381 to No. 383 and therefore denies those allegations.

## COUNT 36
### (Infringement of the '948 Patent by MSN Under 35 U.S.C. § 271(e)(2))

384.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

65

Changzhou incorporates each of its answers to each of the preceding paragraphs as if fully set forth herein.

385.    MSN's submission of ANDA No. 220354 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of MSN's ANDA Products was an act of infringement of the '948 patent under 35 U.S.C. § 271(e)(2).

386.    On information and belief, MSN has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import MSN's ANDA Products with their proposed labeling prior to the expiration of the '948 patent.

387.    MSN intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of MSN's ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 220354, *i.e.*, prior to the expiration of the '948 patent.

388.    On information and belief, the foregoing actions by MSN constitute and/or will constitute infringement of the '948 patent, active inducement of infringement of the '948 patent, and/or contribution to the infringement by others of the '948 patent.

389.    Unless MSN is enjoined from infringing the '948 patent, actively inducing infringement of the '948 patent, and contributing to the infringement by others of the '948 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the allegations of each of paragraph Nos. 385 to No. 389 and therefore denies those allegations.

**COUNT 37**
**(Declaration of Infringement of the '948 Patent by MSN)**

390.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if fully set forth herein.

391.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and MSN on the other regarding MSN's liability for infringement, active inducement of, and contribution to infringement of the '948 patent.

392.    An actual case or controversy exists between Plaintiffs and MSN with respect to MSN's liability for infringement of the '948 patent.

393.    The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of MSN's ANDA Products will infringe, induce the infringement of, and/or contribute to the infringement of the '948 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the allegations of each of paragraph Nos. 391 to No. 393 and therefore denies those allegations.

## COUNT 38
### (Infringement of the '476 Patent by MSN Under 35 U.S.C. § 271(e)(2))

394.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if fully set forth herein.

395.    MSN's submission of ANDA No. 220354 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of MSN's ANDA Products was an act of infringement of the '476 patent under 35 U.S.C. § 271(e)(2).

396.    On information and belief, MSN has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import MSN's ANDA Products with their proposed labeling prior to the expiration of the '476 patent.

397.    MSN intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of MSN's ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 220354, *i.e.*, prior to the expiration of the '476 patent.

398.    The foregoing actions by MSN constitute and/or will constitute infringement of the '476 patent, active inducement of infringement of the '476 patent, and/or contribution to the infringement by others of the '476 patent.

399.    Unless MSN is enjoined from infringing the '476 patent, actively inducing infringement of the '476 patent, and contributing to the infringement by others of the '476 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the allegations of each of paragraph Nos. 395 to No. 399 and therefore denies those allegations.

## COUNT 39
### (Declaration of Infringement of the '476 Patent by MSN)

400.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if fully set forth herein.

401.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and MSN on the other regarding MSN's liability for infringement, active inducement of, and contribution to infringement of the '476 patent.

402.    An actual case or controversy exists between Plaintiffs and MSN with respect to MSN's liability for infringement of the '476 patent.

403.    The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of MSN's ANDA Products will infringe, induce the infringement of, and/or contribute to the infringement of the '476 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of each of paragraph Nos. 401 to No. 403 and therefore denies those allegations.

### COUNT 40
### (Infringement of the '896 Patent by MSN Under 35 U.S.C. § 271(e)(2))

404.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

405.    MSN's submission of ANDA No. 220354 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of MSN's ANDA Products was an act of infringement of the '896 patent under 35 U.S.C. § 271(e)(2).

406.    On information and belief, MSN has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import MSN's ANDA Products with their proposed labeling prior to the expiration of the '896 patent.

407.    MSN intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of MSN's ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 220354, *i.e.*, prior to the expiration of the '896 patent.

408.    The foregoing actions by MSN constitute and/or will constitute infringement of the '896 patent, active inducement of infringement of the '896 patent, and/or contribution to the infringement by others of the '896 patent.

409.    Unless MSN is enjoined from infringing the '896 patent, actively inducing infringement of the '896 patent, and contributing to the infringement by others of the '896 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of each of paragraph Nos. 405 to No. 409 and therefore denies those allegations.

**COUNT 41**
**(Declaration of Infringement of the '896 Patent by MSN)**

410.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

411.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and MSN on the other regarding MSN's liability for infringement, active inducement of, and contribution to infringement of the '896 patent.
412.    An actual case or controversy exists between Plaintiffs and MSN with respect to MSN's liability for infringement of the '896 patent.
413.    The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of MSN's ANDA Products will infringe, induce the infringement of, and/or contribute to the infringement of the '896 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of each of paragraph Nos. 411 to No. 413 and therefore denies those allegations.

**COUNT 42**
**(Infringement of the '642 Patent by MSN Under 35 U.S.C. § 271(e)(2))**

414.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

415.   MSN's submission of ANDA No. 220354 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of MSN's ANDA Products was an act of infringement of the '642 patent under 35 U.S.C. § 271(e)(2).

416.   On information and belief, MSN has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import MSN's ANDA Products with their proposed labeling prior to the expiration of the '642 patent.

417.   MSN intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of MSN's ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 220354, *i.e.*, prior to the expiration of the '642 patent.

418.   The foregoing actions by MSN constitute and/or will constitute infringement of the '642 patent, active inducement of infringement of the '642 patent, and/or contribution to the infringement by others of the '642 patent.

419.   Unless MSN is enjoined from infringing the '642 patent, actively inducing infringement of the '642 patent, and contributing to the infringement by others of the '642 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of each of paragraph Nos. 415 to No. 419 and therefore denies those allegations.

## <u>COUNT 43</u>
## <u>(Declaration of Infringement of the '642 Patent by MSN)</u>

420.   Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

421.   The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and MSN on the other regarding MSN's liability for infringement, active inducement of, and contribution to infringement of the '642 patent.

422.   An actual case or controversy exists between Plaintiffs and MSN with respect to MSN's liability for infringement of the '642 patent.

423.   The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of MSN's ANDA Products will infringe, induce the infringement of, and/or contribute to the infringement of the '642 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the allegations of each of paragraph Nos. 421 to No. 423 and therefore denies those allegations.

## COUNT 44
### (Infringement of the '656 Patent by Annora Under 35 U.S.C. § 271(e)(2))

424.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if fully set forth herein.

425.    Annora's submission of ANDA No. 220244 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Annora's ANDA Products was an act of infringement of the '656 patent under 35 U.S.C. § 271(e)(2).

426.    On information and belief, Annora has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import Annora's ANDA Products with their proposed labeling prior to the expiration of the '656 patent.

427.    Annora intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Annora's ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 220244, *i.e.*, prior to the expiration of the '656 patent.

428.    The foregoing actions by Annora constitute and/or will constitute infringement of the '656 patent, active inducement of infringement of the '656 patent, and/or contribution to the infringement by others of the '656 patent.

429.    Unless Annora is enjoined from infringing the '656 patent, actively inducing infringement of the '656 patent, and contributing to the infringement by others of the '656 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the allegations of each of paragraph Nos. 425 to No. 429 and therefore denies those allegations.

## COUNT 45
### (Declaration of Infringement of the '656 Patent by Annora)

430.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

431.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Annora on the other regarding Annora's liability for infringement, active inducement of, and contribution to infringement of the '656 patent.

432.    An actual case or controversy exists between Plaintiffs and Annora with respect to Annora's liability for infringement of the '656 patent.

433.    The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Annora's ANDA Products will infringe, induce the infringement of, and/or contribute to the infringement of the '656 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of each of paragraph Nos. 431 to No. 433 and therefore denies those allegations.

## COUNT 46
### (Infringement of the '377 Patent by Annora Under 35 U.S.C. § 271(e)(2))

434.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

435.    Annora's submission of ANDA No. 220244 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Annora's ANDA Products was an act of infringement of the '377 patent under 35 U.S.C. § 271(e)(2).

436.    On information and belief, Annora has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import Annora's ANDA Products with their proposed labeling prior to the expiration of the '377 patent.

437.    Annora intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Annora's ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 220244, *i.e.*, prior to the expiration of the '377 patent.

438.    The foregoing actions by Annora constitute and/or will constitute infringement of the '377 patent, active inducement of infringement of the '377 patent, and/or contribution to the infringement by others of the '377 patent.

439.    Unless Annora is enjoined from infringing the '377 patent, actively inducing infringement of the '377 patent, and contributing to the infringement by others of the '377 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of each of paragraph Nos. 435 to No. 439 and therefore denies those allegations.

**COUNT 47**
**(Declaration of Infringement of the '377 Patent by Annora)**

440.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

441.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Annora on the other regarding Annora's liability for infringement, active inducement of, and contribution to infringement of the '377 patent.

442.    An actual case or controversy exists between Plaintiffs and Annora with respect to Annora's liability for infringement of the '377 patent.

443.    The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Annora's ANDA Products will infringe, induce the infringement of, and/or contribute to the infringement of the '377 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of each of paragraph Nos. 441 to No. 443 and therefore denies those allegations.

**COUNT 48**
**(Infringement of the '948 Patent by Annora Under 35 U.S.C. § 271(e)(2))**

444.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

445.    Annora's submission of ANDA No. 220244 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Annora's ANDA Products was an act of infringement of the '948 patent under 35 U.S.C. § 271(e)(2).

446.    On information and belief, Annora has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import Annora's ANDA Products with their proposed labeling prior to the expiration of the '948 patent.

447.    Annora intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Annora's ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 220244, *i.e.*, prior to the expiration of the '948 patent.

448.    On information and belief, the foregoing actions by Annora constitute and/or will constitute infringement of the '948 patent, active inducement of infringement of the '948 patent, and/or contribution to the infringement by others of the '948 patent.

449.    Unless Annora is enjoined from infringing the '948 patent, actively inducing infringement of the '948 patent, and contributing to the infringement by others of the '948 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of each of paragraph Nos. 445 to No. 449 and therefore denies those allegations.

## COUNT 49
## (Declaration of Infringement of the '948 Patent by Annora)

450.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

451.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Annora on the other regarding Annora's liability for infringement, active inducement of, and contribution to infringement of the '948 patent.

452.    An actual case or controversy exists between Plaintiffs and Annora with respect to Annora's liability for infringement of the '948 patent.

453.    The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Annora's ANDA Products will infringe, induce the infringement of, and/or contribute to the infringement of the '948 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of each of paragraph Nos. 451 to No. 453 and therefore denies those allegations.

## COUNT 50
## (Infringement of the '476 Patent by Annora Under 35 U.S.C. § 271(e)(2))

454.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

455.    Annora's submission of ANDA No. 220244 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Annora's ANDA Products was an act of infringement of the '476 patent under 35 U.S.C. § 271(e)(2).

456.    On information and belief, Annora has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import Annora's ANDA Products with their proposed labeling prior to the expiration of the '476 patent.

457.    Annora intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Annora's ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 220244, *i.e.*, prior to the expiration of the '476 patent.

458.    The foregoing actions by Annora constitute and/or will constitute infringement of the '476 patent, active inducement of infringement of the '476 patent, and/or contribution to the infringement by others of the '476 patent.

459.    Unless Annora is enjoined from infringing the '476 patent, actively inducing infringement of the '476 patent, and contributing to the infringement by others of the '476 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of each of paragraph Nos. 455 to No. 459 and therefore denies those allegations.

## COUNT 51
## (Declaration of Infringement of the '476 Patent by Annora)

460.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

461.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Annora on the other regarding Annora's liability for infringement, active inducement of, and contribution to infringement of the '476 patent.

462.    An actual case or controversy exists between Plaintiffs and Annora with respect to Annora's liability for infringement of the '476 patent.

463.    The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Annora's ANDA Products will infringe, induce the infringement of, and/or contribute to the infringement of the '476 patent under 35 U.S.C. § 271(a), (b), and/or (c).

## RESPONSES:

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of each of paragraph Nos. 461 to No. 463 and therefore denies those allegations.

## COUNT 52
## (Infringement of the '896 Patent by Annora Under 35 U.S.C. § 271(e)(2))

464.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

## RESPONSE:

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

465.    Annora's submission of ANDA No. 220244 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Annora's ANDA Products was an act of infringement of the '896 patent under 35 U.S.C. § 271(e)(2).

466.    On information and belief, Annora has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import Annora's ANDA Products with their proposed labeling prior to the expiration of the '896 patent.

467.    Annora intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Annora's ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 220244, *i.e.*, prior to the expiration of the '896 patent.

468.    The foregoing actions by Annora constitute and/or will constitute infringement of the '896 patent, active inducement of infringement of the '896 patent, and/or contribution to the infringement by others of the '896 patent.

469.    Unless Annora is enjoined from infringing the '896 patent, actively inducing infringement of the '896 patent, and contributing to the infringement by others of the '896 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of each of paragraph Nos. 465 to No. 469 and therefore denies those allegations.

**COUNT 53**
**(Declaration of Infringement of the '896 Patent by Annora)**

470.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

471.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Annora on the other regarding Annora's liability for infringement, active inducement of, and contribution to infringement of the '896 patent.

472.    An actual case or controversy exists between Plaintiffs and Annora with respect to Annora's liability for infringement of the '896 patent.

473.    The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Annora's ANDA Products will infringe, induce the infringement of, and/or contribute to the infringement of the '896 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of each of paragraph Nos. 471 to No. 473 and therefore denies those allegations.

**COUNT 54**
**(Infringement of the '642 Patent by Annora Under 35 U.S.C. § 271(e)(2))**

474.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

77

475.    Annora's submission of ANDA No. 220244 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Annora's ANDA Products was an act of infringement of the '642 patent under 35 U.S.C. § 271(e)(2).

476.    On information and belief, Annora has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import Annora's ANDA Products with their proposed labeling prior to the expiration of the '642 patent.

477.    Annora intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Annora's ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 220244, *i.e.*, prior to the expiration of the '642 patent.

478.    The foregoing actions by Annora constitute and/or will constitute infringement of the '642 patent, active inducement of infringement of the '642 patent, and/or contribution to the infringement by others of the '642 patent.

479.    Unless Annora is enjoined from infringing the '642 patent, actively inducing infringement of the '642 patent, and contributing to the infringement by others of the '642 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of each of paragraph Nos. 475 to No. 479 and therefore denies those allegations.

### COUNT 55
### (Declaration of Infringement of the '642 Patent by Annora)

480.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

**RESPONSE:**

Changzhou incorporates each of its answers to each of the preceding paragraphs as if

fully set forth herein.

481.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Annora on the other regarding Annora's liability for infringement, active inducement of, and contribution to infringement of the '642 patent.

482.    An actual case or controversy exists between Plaintiffs and Annora with respect to Annora's liability for infringement of the '642 patent.

483.    The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Annora's ANDA Products will infringe, induce the infringement of, and/or contribute to the infringement of the '642 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**RESPONSES:**

Changzhou lacks knowledge or information sufficient to form a belief as to the truth of the allegations of each of paragraph Nos. 481 to No. 483 and therefore denies those allegations.

## **GENERAL DENIAL**

Changzhou denies each allegation of the Complaint not expressly admitted.

## **CHANGZHOU'S RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF**

Changzhou denies that Plaintiffs are entitled to any of requested relief against Changzhou set forth in (a)-(w) in the Complaint.

## **CHANGZHOU'S ADDITIONAL DEFENSES**

Without prejudice to the admissions and denials set forth in its Answer, and without admitting any allegations of the Complaint not expressly admitted, Changzhou asserts the following defenses to the Complaint without assuming any burden of proof on any such defense not otherwise legally assigned to Changzhou as to any element of Plaintiffs' claims.

## **FIRST ADDITIONAL DEFENSE**
### **(Non-Infringement of the '656 Patent)**

Changzhou has not infringed, is not infringing, and will not infringe any valid claim of the '656 Patent.

## **SECOND ADDITIONAL DEFENSE**
### **(Invalidity of the '656 Patent)**

Each and every claim of the '656 Patent is invalid for failure to comply with at least 35 U.S.C. §§ 101, 102, 103 and/or 112, or other judicially-created bases for invalidity.

## **THIRD ADDITIONAL DEFENSE**
### **(Non-Infringement of the '377 Patent)**

Changzhou has not infringed, is not infringing, and will not infringe any valid claim of the '377 Patent.

## **FOURTH ADDITIONAL DEFENSE**

**(Invalidity of the '377 Patent)**

Each and every claim of the '377 Patent is invalid for failure to comply with at least 35

U.S.C. §§ 101, 102, 103 and/or 112, or other judicially-created bases for invalidity.

### FIFTH ADDITIONAL DEFENSE
### (Non-Infringement of the '948 Patent)

Changzhou has not infringed, is not infringing, and will not infringe any valid claim of

the '948 Patent.

### SIXTH ADDITIONAL DEFENSE
### (Invalidity of the '948 Patent)

Each and every claim of the '948 Patent is invalid for failure to comply with at least 35

U.S.C. §§ 101, 102, 103 and/or 112, or other judicially-created bases for invalidity.

### SEVENTH ADDITIONAL DEFENSE
### (Non-Infringement of the '476 Patent)

Changzhou has not infringed, is not infringing, and will not infringe any valid claim of

the '476 Patent.

### EIGHTH ADDITIONAL DEFENSE
### (Invalidity of the '476 Patent)

Each and every claim of the '476 Patent is invalid for failure to comply with at least 35

U.S.C. §§ 101, 102, 103 and/or 112, or other judicially-created bases for invalidity.

### NINTH ADDITIONAL DEFENSE
### (Non-Infringement of the '896 Patent)

Changzhou has not infringed, is not infringing, and will not infringe any valid claim of

the '896 Patent.

### TENTH ADDITIONAL DEFENSE
### (Invalidity of the '896 Patent)

Each and every claim of the '896 Patent is invalid for failure to comply with at least 35 U.S.C. §§ 101, 102, 103 and/or 112, or other judicially-created bases for invalidity.

## ELEVENTH ADDITIONAL DEFENSE
### (Non-Infringement of the '642 Patent)

Changzhou has not infringed, is not infringing, and will not infringe any valid claim of the '642 Patent.

## TWELFTH ADDITIONAL DEFENSE
### (Invalidity of the '642 Patent)

Each and every claim of the '642 Patent is invalid for failure to comply with at least 35 U.S.C. §§ 101, 102, 103 and/or 112, or other judicially-created bases for invalidity.

## THIRTEENTH ADDITIONAL DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief against Changzhou may be granted.

## FOURTEENTH ADDITIONAL DEFENSE
### (Additional Defenses)

Any additional defenses or counterclaims that discovery may reveal.

## <u>CHANGZHOU'S PRAYER FOR RELIEF</u>

WHEREFORE, Changzhou respectfully requests that this Court enter judgment in its favor and against Plaintiffs as follows:

A.  Dismissing the Complaint with prejudice and denying each and every requested relief against Changzhou, and declaring that Plaintiffs take nothing thereby;

B.  Finding that each and every claim of the '656 patent is invalid and/or was not, is not, and will not be infringed by Changzhou;

C.  Finding that each and every claim of the '377 patent is invalid and/or was not, is not, and will not be infringed by Changzhou;

D.  Finding that each and every claim of the '948 patent is invalid and/or was not, is not, and will not be infringed by Changzhou;

E.  Finding that each and every claim of the '476 patent is invalid and/or was not, is not, and will not be infringed by Changzhou;

F.  Finding that each and every claim of the '896 patent is invalid and/or was not, is not, and will not be infringed by Changzhou;

G.  Finding that each and every claim of the '642 patent is invalid and/or was not, is not, and will not be infringed by Changzhou;

H.  Declaring that Plaintiffs are not entitled to any injunctive remedy against Changzhou for any of the '656, '377, '948, '476, '896, and '642 patents;

I.  Awarding Changzhou its costs and expenses in this action;

J.  Declaring that this case is exceptional under 35 U.S.C. § 285, and awarding to Changzhou its reasonable attorneys' fees; and

K.  Awarding to Changzhou such further relief this Court may deem just, proper, or equitable.

Dated:  July 29, 2025

*Of Counsel:*

Howard Wang
**RIMON, P.C.**
100 Overlook Center, 2nd Floor
Princeton, NJ 08540
(609) 931-4994
howard.wang@rimonlaw.com

**SMITH, KATZENSTEIN & JENKINS LLP**

*/s/ Daniel A. Taylor*
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Attorneys for Defendant Changzhou
Pharmaceutical Factory*