## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVERIO PHARMA GMBH, BAYER AG, MSD PHARMA GMBH, and MERCK SHARP & DOHME LLC,<br><br>                    Plaintiffs,<br><br>          v.<br><br>CHANGZHOU PHARMACEUTICAL FACTORY, TEVA PHARMACEUTICALS, INC., TEVA PHARMACEUTICAL INDUSTRIES LTD., TORRENT PHARMACEUTICALS LTD., TORRENT PHARMA INC., MSN LABORATORIES PRIVATE LIMITED, MSN PHARMACEUTICALS, INC., ANNORA PHARMA PRIVATE LIMITED, and HETERO USA INC.,<br><br>                    Defendants. | C.A. No. 25-479-GBW |

### PLAINTIFFS' ANSWER TO MSN'S COUNTERCLAIMS

Plaintiffs Adverio Pharma GmBH ("Adverio"), Bayer AG ("Bayer"), MSD Pharma GmbH ("MSD Pharma") and Merck Sharp & Dohme LLC ("Merck LLC") (collectively "Plaintiffs"), by their attorneys, hereby answer the counterclaims of Defendants and Counterclaim Plaintiffs MSN Laboratories Private Limited ("MSN Laboratories") and MSN Pharmaceuticals Inc. ("MSN Pharmaceuticals") (collectively, "MSN"), using the paragraph numbers of MSN's Answer, Affirmative Defenses and Counterclaims, D.I. 39, as follows:

### PARTIES

1.      Upon information and belief, admitted.

2.      Upon information and belief, admitted.

3.     Admitted that Adverio is a corporation organized and existing under the laws of the Federal Republic of Germany with a place of business at Kaiser-Wilhelm-Allee 1, D-51373 Leverkusen, Germany.

4.     Admitted that Bayer is a corporation organized and existing under the laws of the Federal Republic of Germany with a place of business at Kaiser-Wilhelm-Allee 1, D-51373 Leverkusen, Germany.

5.     Admitted that MSD Pharma is a corporation organized and existing under the laws of the Federal Republic of Germany with a place of business at Levelingstr. 4a 81673, München, Bayern Germany.  Denied that Defendant MSD has a principal place of business at Kaiser-Wilhelm-Allee 1, 51373 Leverkusen.

6.     Admitted.

## JURISDICTION AND VENUE

7.     The allegations of paragraph 7 are legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs do not contest subject matter jurisdiction but deny that MSN is entitled to any of the relief it seeks.

8.     The allegations of paragraph 8 are legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs do not contest personal jurisdiction for purposes of this action.

9.     The allegations of paragraph 9 are legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs do not contest venue for purposes of this action.

2

## **BACKGROUND**

10.     Admitted that the '656 patent, entitled "Substituted 5-fluoro-1H-pyrazolopyridines and their use," was duly and legally issued on April 16, 2013.  The '656 patent is attached to the Complaint as Exhibit A.

11.     Admitted that the '377 patent, entitled "Substituted 5-fluoro-1H-pyrazolopyridines and their use", was duly and legally issued on December 30, 2014.  The '377 patent is attached to the Complaint as Exhibit B.

12.     Admitted that the '948 patent, entitled "Process for preparing substituted 5-fluoro-1H-pyrazolopyridines," was duly and legally issued on March 28, 2017.  The '948 patent is attached to the Complaint as Exhibit C.

13.     Admitted that the '476 patent, entitled "Substituted 5-flouro-1H-pyrazolopyridines and their use," was duly and legally issued on June 12, 2018.  The '476 patent is attached to the Complaint as Exhibit D.

14.     Admitted that the '896 patent, entitled "Substituted 5-flouro-1H-pyrazolopyridines and their use," was duly and legally issued on August 11, 2020.  The '896 patent is attached to the Complaint as Exhibit E.

15.     Admitted that the '642 patent, entitled "Substituted 5-flouro-1H-pyrazolopyridines and their use," was duly and legally issued on September 13, 2022.  The '642 patent is attached to the Complaint as Exhibit F.

16.     Admitted that each of the Asserted Patents has been, and continues to be, properly listed in the Orange Book in connection with NDA No. 214377 and further admitted that vericiguat is available as tablets in 2.5 mg, 5 mg, and 10 mg dosage strengths, and sold under the trade name VERQUVO®.

17.     Admitted that Adverio is the assignee of and holds title to each of the Asserted Patents.

18.     Admitted that MSD is an exclusive licensee under each of the Asserted Patents.

19.     Admitted that Merck is the holder of NDA No. 214377 for VERQUVO® (vericiguat) and that VERQUVO® is available in 2.5 mg, 5 mg, and 10 mg dosage strengths.

20.     Admitted.

21.     The allegations of paragraph 20 are legal conclusions to which no response is required.  To the extent a response is required, admitted, on information and belief, that MSN submitted the MSN ANDA to the FDA seeking approval for the commercial manufacture, use, or sale in the United States of the MSN ANDA Products, and further admitted, on information and belief, that the MSN ANDA contained paragraph IV certifications with respect to each of the Patents-in-Suit.  Denied that any of the Asserted Patents is invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of the MSN ANDA Products.

22.     Admitted that MSN sent a notice letter dated March 19, 2025, to Merck Sharp & Dohme and Adverio Pharma, and that they received a notice letter dated March 19, 2025.

23.     The allegation of paragraph 23 is a legal conclusion to which no response is required.  To the extent a response is required, denied that riociguat or any disclosure thereof would render any of the Patents-in-Suit invalid.

24.     The allegation of paragraph 24 is a legal conclusion to which no response is required.  To the extent a response is required, denied that U.S. Patent No. 7,137,037 would render the '656 patent invalid.

25.     The allegation of paragraph 25 is a legal conclusion to which no response is required.  To the extent a response is required, denied that U.S. Patent No. 7,137,037 would render the '377 patent invalid.

26.     The allegation of paragraph 26 is a legal conclusion to which no response is required.  To the extent a response is required, denied that U.S. Patent No. 7,137,037 would render the '948 patent invalid.

27.     The allegation of paragraph 27 is a legal conclusion to which no response is required.  To the extent a response is required, denied that U.S. Patent No. 7,137,037 would render the '476 patent invalid.

28.     The allegation of paragraph 28 is a legal conclusion to which no response is required.  To the extent a response is required, denied that U.S. Patent No. 7,137,037 would render the '896 patent invalid.

29.     The allegation of paragraph 29 is a legal conclusion to which no response is required.  To the extent a response is required, denied that U.S. Patent No. 7,137,037 would render the '642 patent invalid.

30.     The allegations of paragraph 30 are too vague and ambiguous to permit a response and therefore are denied.

31.     The allegation of paragraph 31 is a legal conclusion to which no response is required.  To the extent a response is required, denied that nelociguat or any disclosure thereof would render any of the Asserted Patents invalid.

32.     The allegation of paragraph 32 is a legal conclusion to which no response is required.  To the extent a response is required, denied.

33.     The allegation of paragraph 33 is denied.

34.     The allegations of paragraph 34 are legal conclusions to which no response is required.  To the extent a response is required, admitted that there is actual, ripe, and justiciable controversy between the parties concerning MSN's liability for infringing the Asserted Patents. Denied that any of the Asserted Patents is invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of the MSN ANDA Products. Denied that MSN is entitled to any of the relief it seeks.

## **FIRST COUNTERCLAIM**

### **(Declaratory Judgment of Invalidity of the '656 Patent)**

35.     Plaintiffs reassert as if fully set forth herein each of their responses to the foregoing paragraphs.

36.     Denied.

37.     Denied.

38.     Denied.

39.     The allegations of paragraph 39 are legal conclusions to which no response is required.  To the extent a response is required, admitted that there is actual, ripe, justiciable controversy between the parties concerning MSN's liability for infringing the '656 patent, but denied that the '656 patent is invalid or unenforceable.

40.     Denied.

## **SECOND COUNTERCLAIM**

### **(Declaratory Judgment of Invalidity of the '377 Patent)**

41.     Plaintiffs reassert as if fully set forth herein each of their responses to the foregoing paragraphs.

42.     Denied.

43.    Denied.

44.    Denied.

45.    The allegations of paragraph 45 are legal conclusions to which no response is required.  To the extent a response is required, admitted that there is actual, ripe, justiciable controversy between the parties concerning MSN's liability for infringing the '377 patent, but denied that the '377 patent is invalid or unenforceable.

46.    Denied.

## THIRD COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '948 Patent)

47.    Plaintiffs reassert as if fully set forth herein each of their responses to the foregoing paragraphs.

48.    Denied.

49.    Denied.

50.    Denied.

51.    The allegations of paragraph 51 are legal conclusions to which no response is required.  To the extent a response is required, admitted that there is actual, ripe, justiciable controversy between the parties concerning MSN's liability for infringing the '948 patent, but denied that the '948 patent is invalid or unenforceable.

52.    Denied.

## FOURTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '476 Patent)

53.    Plaintiffs reassert as if fully set forth herein each of their responses to the foregoing paragraphs.

54.    Denied.

55.    Denied.

56.    Denied.

57.    The allegations of paragraph 57 are legal conclusions to which no response is required.  To the extent a response is required, admitted that there is actual, ripe, justiciable controversy between the parties concerning MSN's liability for infringing the '476 patent, but denied that the '476 patent is invalid or unenforceable.

58.    Denied.

## FIFTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '896 Patent)

59.    Plaintiffs reassert as if fully set forth herein each of their responses to the foregoing paragraphs.

60.    Denied.

61.    Denied.

62.    Denied.

63.    The allegations of paragraph 63 are legal conclusions to which no response is required.  To the extent a response is required, admitted that there is actual, ripe, justiciable controversy between the parties concerning MSN's liability for infringing the '896 patent, but denied that the '896 patent is invalid or unenforceable.

64.    Denied.

## SIXTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '642 Patent)

65.     Plaintiffs reassert as if fully set forth herein each of their responses to the foregoing paragraphs.

66.     Denied.

67.     Denied.

68.     Denied.

69.     The allegations of paragraph 69 are legal conclusions to which no response is required.  To the extent a response is required, admitted that there is actual, ripe, justiciable controversy between the parties concerning MSN's liability for infringing the '642 patent, but denied that the '642 patent is invalid or unenforceable.

70.     Denied.

## SEVENTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '656 Patent)

71.     Plaintiffs reassert as if fully set forth herein each of their responses to the foregoing paragraphs.

72.     Denied.

73.     The allegations of paragraph 73 are legal conclusions to which no response is required.  To the extent a response is required, admitted that there is actual, ripe, justiciable controversy between the parties concerning MSN's liability for infringing the '656 patent, but denied that MSN is not liable for infringement of the '656 patent.

74.     Denied.

## EIGHTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '377 Patent)

75.     Plaintiffs reassert as if fully set forth herein each of their responses to the foregoing paragraphs.

76.     Denied.

77.     Denied.

78.     The allegations of paragraph 78 are legal conclusions to which no response is required.  To the extent a response is required, admitted that there is actual, ripe, justiciable controversy between the parties concerning MSN's liability for infringing the '377 patent, but denied that MSN is not liable for infringement of the '377 patent.

79.     Denied.

## NINTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '948 Patent)

80.     Plaintiffs reassert as if fully set forth herein each of their responses to the foregoing paragraphs.

81.     Denied.

82.     The allegations of paragraph 82 are legal conclusions to which no response is required.  To the extent a response is required, admitted that there is actual, ripe, justiciable controversy between the parties concerning MSN's liability for infringing the '948 patent, but denied that MSN is not liable for infringement of the '948 patent.

83.     Denied.

## TENTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '476 Patent)

84.     Plaintiffs reassert as if fully set forth herein each of their responses to the foregoing paragraphs.

85.     Denied.

86.     The allegations of paragraph 86 are legal conclusions to which no response is required.  To the extent a response is required, admitted that there is actual, ripe, justiciable controversy between the parties concerning MSN's liability for infringing the '476 patent, but denied that MSN is not liable for infringement of the '476 patent.

87.     Denied.

## ELEVENTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '896 Patent)

88.     Plaintiffs reassert as if fully set forth herein each of their responses to the foregoing paragraphs.

89.     Denied.

90.     The allegations of paragraph 90 are legal conclusions to which no response is required.  To the extent a response is required, admitted that there is actual, ripe, justiciable controversy between the parties concerning MSN's liability for infringing the '896 patent, but denied that MSN is not liable for infringement of the '896 patent.

91.     Denied.

## TWELFTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '642 Patent)

92.     Plaintiffs reassert as if fully set forth herein each of their responses to the foregoing paragraphs.

93.    Denied.

94.    The allegations of paragraph 94 are legal conclusions to which no response is required.  To the extent a response is required, admitted that there is actual, ripe, justiciable controversy between the parties concerning MSN's liability for infringing the '642 patent, but denied that MSN is not liable for infringement of the '642 patent.

95.    Denied.

## PRAYER FOR RELIEF

The "WHEREFORE" paragraphs following paragraph 95 state Prayer for Relief, to which no response is required.  To the extent a response is required, Plaintiffs deny that MSN is entitled to any of the relief in the prayer for relief, or to any relief whatsoever.

*        *        *

Any allegation in the Counterclaims not expressly admitted herein is hereby denied.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

Plaintiffs affirmatively state the following defenses, undertaking the burden of proof only to the extent required by law:

### FIRST AFFIRMATIVE DEFENSE

Each of MSN's Counterclaims has failed to state a claim upon which relief can be granted.  For example, MSN has alleged no facts that, if true, would show that any of the Asserted Patents is invalid for any reason.

### SECOND AFFIRMATIVE DEFENSE

MSN's Counterclaims have failed to state a claim upon which relief for exceptional cases under 35 U.S.C. § 285 can be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs reserve the right to supplement and/or amend these affirmative defenses as may become available or apparent during discovery proceedings.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

(a)     A judgment that MSN has infringed the Asserted Patents;

(b)     A judgment ordering that the effective date of any FDA approval for MSN to make, use, offer for sale, sell, market, distribute, or import the MSN ANDA Products, or any product or compound which infringes or the use of which infringes one or more of the Asserted Patents, be no earlier than the latest expiration date of the relevant Asserted Patent(s), inclusive of any extension(s) and additional period(s) of exclusivity;

(c)     A preliminary and permanent injunction enjoining MSN, and all persons acting in concert with MSN, from making, using, selling, offering for sale, marketing, distributing, or importing the MSN ANDA Products, or any product or compound that infringes or the use of which infringes one or more Asserted Patents, or the inducement of or the contribution to any of the foregoing, prior to the latest expiration date of the relevant Asserted Patent(s), inclusive of any extension(s) and additional period(s) of exclusivity;

(d)     A judgment declaring that the commercial manufacture, use, sale, offer for sale or importation of the MSN ANDA Products prior to the expiration of the Asserted Patents will infringe, induce infringement, and/or contribute to the infringement of the Asserted Patents;

(e)     A declaration that this is an exceptional case and an award of attorneys' fees to Plaintiffs pursuant to 35 U.S.C. § 285;

(f)     An award of Plaintiffs' costs and expenses in this action; and

13

(g)     Such further and other relief as this Court may deem just and proper.


DATED: August 19, 2025                        MCCARTER & ENGLISH, LLP


                                              */s/ Daniel M. Silver*
OF COUNSEL:                                   Daniel M. Silver (#4758)
                                              Alexandra M. Joyce (#6423)
Dove P. Grossman                              Renaissance Centre
Stanley E. Fisher                             405 N. King Street, 8th Floor
Kathryn S. Kayali                             Wilmington, Delaware 19801
Chorong Song                                  (302) 984-6300
Anna Searle                                   dsilver@mccarter.com
WILLIAMS & CONNOLLY LLP                       ajoyce@mccarter.com
680 Maine Avenue SW,
Washington, DC 20024                          *Attorneys for Plaintiffs*
(202) 434-5000
dgrossman@wc.com
sfisher@wc.com
kkayali@wc.com
csong@wc.com
asearle@wc.com