IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVERIO PHARMA GMBH, BAYER AG, MSD PHARMA GMBH, and MERCK SHARP & DOHME LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CHANGZHOU PHARMACEUTICAL FACTORY, TEVA PHARMACEUTICALS, INC., TEVA PHARMACEUTICAL INDUSTRIES LTD., TORRENT PHARMACEUTICALS LTD., TORRENT PHARMA INC., MSN LABORATORIES PRIVATE LIMITED, MSN PHARMACEUTICALS, INC., ANNORA PHARMA PRIVATE LIMITED, and HETERO USA INC.,<br><br>Defendants. | C.A. No. 25-479-GBW |

## SCHEDULING ORDER

This 23rd day of September, 2025, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.</u> Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within ten (10) days of the date this Order is entered by the Court. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted at https://www.ded.uscourts.gov (*see* Other Resources, Default Standard for Discovery) and is incorporated herein by reference.

2. <u>Joinder of Other Parties and Amendment of Pleadings.</u> All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before <u>April 10, 2026</u>. Unless otherwise ordered by the Court, any motion to join a party or motion to amend the pleadings shall be made pursuant to the procedures set forth in Paragraphs 3(g) and 4.

3. <u>Discovery.</u> Unless otherwise ordered by the Court, or agreed to by the parties, the limitations on discovery set forth in the Federal Rules of Civil Procedure shall be strictly observed.

    a. <u>Fact Discovery Cut Off.</u> All fact discovery in this case shall be initiated so that it will be completed on or before <u>February 12, 2027</u>.

    b. <u>Document Production.</u> Document production shall be substantially complete by <u>September 11, 2026</u>.

    c. <u>Requests for Admission.</u> The maximum number of requests for admission permitted for each side are set forth below:

        i. Plaintiffs shall be permitted a maximum of 20 common requests for admission directed to all Defendant Groups;[1]

        ii. Plaintiffs shall be permitted a maximum of 5 individual requests for admission directed to each individual Defendant Group;

---

[1] For purposes of this Order, the term "Defendant Group" refers to a group of Defendants in this action that are related corporate entities and are represented by the same counsel. There are presently five defendant groups involved in this action: **(a)** Changzhou Pharmaceutical Factory ("Changzhou"); **(b)** Teva Pharmaceuticals, Inc. ("Teva"); **(c)** Torrent Pharmaceuticals, Limited and Torrent Pharma Inc. (collectively, "Torrent"); **(d)** MSN Laboratories Private Ltd. and MSN Pharmaceuticals, Inc. (collectively, "MSN"); and **(e)** Annora Pharma Private Limited and Hetero USA Inc. (collectively, "Hetero").

    iii. Defendants shall collectively be permitted 20 common requests for admission directed to Plaintiffs;

    i. Each Defendant Group shall be permitted 5 individual requests for admission directed to Plaintiffs

  d. <u>Interrogatories.</u> The maximum number of interrogatories, including contention interrogatories permitted for each side are set forth below:

    i. Plaintiffs shall be permitted a maximum of 20 common interrogatories directed to all Defendant Groups;

    ii. Plaintiffs shall be permitted a maximum of 5 individual interrogatories directed to each individual Defendant Group;

    iii. Defendants shall collectively be permitted 20 common interrogatories directed to Plaintiffs;

    iv. Each Defendant Group shall be permitted 5 individual interrogatories directed to Plaintiffs.

    v. The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

  e. <u>Depositions.</u>

    i. <u>Limitation on Hours for Deposition Discovery.</u> Plaintiffs may take a maximum of 25 hours of fact depositions (including both 30(b)(1) and 30(b)(6) depositions) from each Defendant Group. Defendants collectively may take a maximum of 125 hours of fact

depositions from Plaintiffs (including both 30(b)(1) and 30(b)(6) depositions). In the event any Defendant group is no longer participating in the case at the time of fact depositions, Defendants' total hours of deposition time shall be equal to the number of Defendant Groups remaining in the case multiplied by 25, but shall in no event exceed 125 hours in total. These limits do not include third-party depositions other than described in this paragraph. For the elimination of doubt, depositions of former employees of any party shall not be considered third-party depositions. Each fact deposition shall be limited to seven hours; if translation is required the deposition may be extended up to 10.5 hours, which will count as 7 hours against the relevant party's or parties' total number of available hours. Each fact witness may only be deposed once. These limits may be modified only upon agreement of the parties or a showing of good cause and by order of the Court. Defendants will coordinate and work in good faith to minimize duplicative questioning. Counsel shall accept service of deposition notices for any entity or individual whom they represent. Counsel's acceptance of deposition notices does not waive any defense other than objections to service.

        ii.        <u>Location of Depositions.</u>  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by agreement of the parties or order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision. The parties shall meet and confer regarding the locations and timing of depositions.

        iii.       <u>Depositions of Named Inventors.</u>  Plaintiffs shall identify to Defendants no later than <u>April 10, 2026</u>: (a) the named inventors still employed by Plaintiffs, and

(b) whether Plaintiffs' counsel represents any of the named inventors no longer employed by Plaintiffs.

    f.    <u>Disclosure of Expert Testimony.</u>

        i.    <u>Expert Reports.</u> For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before <u>March 12, 2027</u>. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before <u>May 7, 2027</u>. Reply expert reports from the party with the initial burden of proof are due on or before <u>June 4, 2027</u>. No other expert reports will be permitted without either the consent of all parties or leave of the Court. As of the deadline for reply expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

        ii.    <u>Objections to Expert Testimony.</u> To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than fourteen (14) days after the close of expert discovery, unless otherwise ordered by the Court. Briefing will be presented pursuant to the Court's Local Rules.

        iii.    <u>Expert Discovery Cut Off.</u> All expert discovery in this case shall be initiated so that it will be completed on or before <u>July 16, 2027</u>.

    g.    <u>Discovery Matters and Disputes Relating to Protective Orders.</u>

        i.    Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

        ii.    Should counsel find, after good faith efforts—including verbal communication among Delaware and Lead Counsel for all parties to the dispute—that they are

unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

> Dear Judge Williams:
>
> The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.
>
> The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s): _____
>
> Delaware Counsel: _____
>
> Lead Counsel: _____
>
> The disputes requiring judicial attention are listed below:
>
> [provide here a non-argumentative list of disputes requiring judicial attention]

    iii.    On a date to be set by separate order, generally not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining the party's reasons for its opposition.

    iv.    Each party shall submit two (2) courtesy copies of its discovery letter and any attachments.

    v.    Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

  h. <u>Samples.</u>

    i. No later than <u>September 11, 2026</u>, each Party shall, to the extent such samples exist, and are in the possession, custody, and control of said Party, produce to a third-party site designated by the receiving Party, reasonable quantities of unexpired samples of the producing Party's ANDA or NDA product and associated API.

4. <u>Motions to Amend.</u>

 a. Any motion to amend (including a motion for leave to amend) a pleading shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

 b. Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

 c. Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

5. <u>Motions to Strike.</u>

 a. Any motion to strike any pleading or other document shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

 b. Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

  c. Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

  6. <u>Technology Tutorials.</u> The parties will meet and confer following the service of Plaintiffs' reply claim construction brief regarding whether a technology tutorial is necessary to aid the Court. To the extent the parties agree at that time that a technology tutorial would be helpful for the Court, the parties will jointly submit to the Court, no later than the date on which the Joint Claim Construction Brief is due, an electronic tutorial of not more than thirty (30) minutes. The tutorial shall focus on the technology in issue and educate the Court about the same and should not be used for argument. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial ("mpeg", "quicktime", etc.). The parties may choose to file their tutorial under seal, subject to any protective order in effect.

  7. <u>Claim Construction Issue Identification.</u> On or before <u>May 1, 2026</u>, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). On or before <u>May 15, 2026</u>, the parties shall respond to and provide their proposed construction for any term(s)/phrase(s) presented by the other side for which the party did not initially provide a construction. These documents will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than <u>June 5, 2026</u>. The Joint Claim Construction Chart, in Word format shall be e-mailed simultaneously with filing to gbw_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed

construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

8. <u>Claim Construction Briefing.</u> Plaintiffs shall serve, but not file, their opening brief, not to exceed 5,000 words, on <u>July 10, 2026</u>. Defendants shall serve, but not file, their answering brief, not to exceed 7,500 words, on <u>August 7, 2026</u>. Plaintiffs shall serve, but not file, their reply brief, not to exceed 5,000 words, on <u>September 4, 2026</u>. Defendants shall serve, but not file, their sur-reply brief, not to exceed 2,500 words, on <u>October 2, 2026</u>. No later than <u>October 16, 2026</u>, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

### JOINT CLAIM CONSTRUCTION BRIEF

I. Agreed-Upon Constructions

II. Disputed Constructions

   [TERM 1]

      1. Plaintiffs' Opening Position
      2. Defendants' Answering Position
      3. Plaintiffs' Reply Position
      4. Defendants' Sur-Reply Position

   [TERM 2]

      1. Plaintiffs' Opening Position
      2. Defendants' Answering Position
      3. Plaintiffs' Reply Position
      4. Defendants' Sur-Reply Position

If there are any materials that would be submitted in an index, the parties shall submit them in a Joint Appendix.

9.   Hearing on Claim Construction. Beginning at 2:00 pm on December 10, 2026, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which their Joint Claim Construction Brief is due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting to be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

10.   Interim Status Report.   On January 8, 2027, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

11.   Supplementation. Absent agreement among the parties, and approval of the Court,

a.   no later than February 19, 2027, the patentee must finally supplement the identification of all accused products and serve final infringement contentions; and

b.   no later than February 19, 2027, the accused infringers must finally supplement the identification of all invalidity references and serve final invalidity contentions.

12.   Case Dispositive Motions. Absent agreement between the parties, and prior approval from the Court, the Court will not hear case dispositive motions in ANDA cases.

13. <u>Applications by Motion.</u> Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

14. <u>Motions *in Limine.*</u> Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each *SIDE* shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

15. <u>Pretrial Conference.</u> On <u>June 7, 2028</u>, the Court will hold a pretrial conference in Court with counsel beginning at 3:00 pm. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) not later than seven (7) days before the pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The parties shall provide the Court two (2) courtesy copies of the joint proposed final pretrial order and all attachments. The proposed final pretrial order shall contain a table of contents and the paragraphs shall be numbered.

16. <u>Application to Court for Protective Order.</u> Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within thirty (30) days from the date the Court enters this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

17. <u>Papers Filed Under Seal.</u> In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

18. <u>Courtesy Copies.</u> The parties shall provide to the Court two (2) courtesy copies of filings (*i.e.*, briefs, appendices, exhibits, declarations, affidavits etc.). Courtesy copies of appendices and exhibits should include hard tabs. This provision also applies to papers filed under seal.

19. <u>ADR Process.</u> This matter may be referred to a magistrate judge to explore the possibility of alternative dispute resolution if the parties jointly request such a referral.

20. <u>Trial.</u> This matter is scheduled for a five-day bench trial beginning at 9:30 a.m. on <u>June 12, 2028</u>, with the subsequent trial days beginning at 9:30 a.m. The trial will be timed, and counsel will be allocated a total number of hours in which to present their respective cases.

21. <u>Post-Trial Briefing.</u> The parties will address the post-trial briefing schedule and page limits in the proposed final pretrial order.

_____
The Honorable Gregory B. Williams
United States District Judge

| EVENT | PROPOSED DEADLINE |
|---|---|
| Parties to serve Rule 26(a)(1) Initial Disclosures | Ten (10) days from entry of Scheduling Order |
| Parties to submit proposed protective order | Thirty (30) days from entry of Scheduling Order |
| Plaintiffs to make Paragraph 4(a) disclosures<br><br>[identification of the accused products and the asserted patent(s) they allegedly infringe, and production of the file history for each asserted patent] | November 7, 2025 |
| Parties to make Paragraph 3 disclosures<br><br>[disclosure of (1) the ten custodians most likely to have discoverable information, including their name, title, role in the instant dispute, and subject matter of the information and (2) non-custodial data sources most likely to contain non-duplicative discoverable information] | December 3, 2025 |
| Defendants to make Paragraph 4(b) disclosures<br><br>[production of the "core technical documents related to the accused product(s) including but not limited to operation manuals, product literature, schematics, and specifications"] | February 6, 2026 |
| Plaintiffs to make Paragraph 4(c) disclosures<br><br>[initial claim chart relating to each accused product to the asserted claims each product allegedly infringes] | March 13, 2026 |
| Plaintiffs to identify to Defendants the named inventors still employed by Plaintiffs and whether Plaintiffs' counsel represents any of the named inventors no longer employed by Plaintiffs | April 10, 2026 |
| Defendants to make Paragraph 4(d) disclosures | April 17, 2026 |

| EVENT | PROPOSED DEADLINE |
|---|---|
| [production of initial invalidity contentions for each asserted claim, as well as the related invalidating references] | |
| Parties to exchange lists of claim phrases and terms and proposed constructions | May 1, 2026 |
| Parties to exchange counter-proposed constructions | May 15, 2026 |
| Deadline for joinder of parties and amendment of pleadings | April 10, 2026 |
| Parties to file Joint Claim Construction Chart | June 5, 2026 |
| Plaintiffs to serve, but not file, opening claim construction brief | July 10, 2026 |
| Defendants to serve, but not file, answering claim construction brief | August 7, 2026 |
| Substantial completion of document production<br><br>Parties to produce samples | September 11, 2026 |
| Plaintiffs to serve, but not file, reply claim construction brief | September 4, 2026 |
| Defendants to serve, but not file, sur-reply claim construction brief | October 2, 2026 |
| Parties to file Joint Claim Construction Brief | October 16, 2026 |
| Hearing on claim construction | December 10, 2026, at 2:00 pm |
| Parties to submit "Interim Status Report" | January 8, 2027 |
| Close of fact discovery | February 12, 2027 |
| Deadline for supplementation, including Final Infringement Contentions and Final Invalidity Contentions | February 19, 2027 |
| Parties to exchange opening expert reports | March 12, 2027 |
| Parties to exchange rebuttal expert reports | May 7, 2027 |

| EVENT | PROPOSED DEADLINE |
|---|---|
| Parties to exchange reply expert reports | June 4, 2027 |
| Close of expert discovery | July 16, 2027 |
| Deadline for *Daubert* motions | August 13, 2027 |
| Pretrial Conference | June 7, 2028, at 3:00 pm |
| Trial | June 12, 2028 |