**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ADVERIO PHARMA GMBH, BAYER AG, MSD PHARMA GMBH, and MERCK SHARP & DOHME LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CHANGZHOU PHARMACEUTICAL FACTORY, TORRENT PHARMACEUTICALS LTD., TORRENT PHARMA INC., MSN LABORATORIES PRIVATE LIMITED, and MSN PHARMACEUTICALS, INC.,<br><br>Defendants. | C.A. No. 25-479-GBW |

**STIPULATION AND [PROPOSED] ORDER REGARDING INFRINGEMENT AND DISCOVERY OF CHANGZHOU PHARMACEUTICAL FACTORY**

WHEREAS, the Scheduling Order entered in this case, D.I. 50, sets forth the schedule for fact discovery;

WHEREAS, the parties intend to narrow disputes and reduce burden of discovery in the litigation;

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiffs Adverio Pharma GmBH ("Adverio"), Bayer AG ("Bayer"), MSD Pharma GmbH ("MSD Pharma"), and Merck Sharp & Dohme LLC ("Merck LLC") (collectively, "Plaintiffs"), and Defendant Changzhou Pharmaceutical Factory ("Changzhou"), through their undersigned counsel and subject to the approval and order of the Court, that:

1. Changzhou agrees that the making, use, sale, or offer for sale in the U.S., or importation into the U.S. of the product that is the subject of Changzhou's Abbreviated New

Drug Application No. 220264 ("Changzhou's ANDA Product") prior to the patent expiration would infringe each of claims 1, 2, 3, 5 and 7 of U.S. Patent No. 8,420,656 ("the '656 patent"); each of claims 1-4 and 6-12 of U.S. Patent No. 8,921,377 ("the '377 patent"); each of claims 1-4 and 11 of U.S. Patent No. 9,993,476 ("the '476 patent"); each of claims 1, 2 and 4 of U.S. Patent No. 10,736,896 ("the '896 patent"); each of claims 1, 2, 22, 23, 31 and 32 of U.S. Patent No. 11,439,642 ("the '642 patent") and each of claims 1-4 and 6-8 of U.S. Patent No. 9,604,948 ("the '948 patent"), and that Changzhou would directly infringe and/or induce and/or contribute to infringement of each of said claims through the sale of Changzhou's ANDA Product prior to the patent expiration, provided that the claim at issue is asserted at trial and is not proven invalid and/or unenforceable. Changzhou reserves the right to contest that any claim of the '656, '377, '476, '896, '642 and '948 patents asserted against Changzhou is invalid and/or unenforceable; and Plaintiffs reserve the right to challenge any such allegations by Changzhou.

2. Based on the foregoing, the parties agree to narrow the issues in dispute and scope of discovery. In particular, the parties agree that Changzhou will not be required to produce documents or electronically stored information (ESI) in responses to Plaintiffs' requests for production, including but not limited to those set forth in Plaintiffs' First Set of Requests for Production to Defendants dated May 12, 2026. Further, the parties agree that Changzhou will not be required to produce samples of its ANDA Product and associated API to Plaintiffs, and Plaintiffs will not be required to produce samples of its NDA Product and associated API to Changzhou. However, for the purpose of contesting invalidity of the '656, '377, '476, '896, '642 and '948 patents, Changzhou reserves the right to rely on samples of the NDA Product and associated API produced to any other defendants in this case. Further, the parties agree that Changzhou will not be required to produce any 30(b)(1) or 30(b)(6) fact witnesses for deposition

and that no Changzhou fact witnesses will testify at trial, absent good cause and reasonable opportunity to depose the witness.

3. Notwithstanding the foregoing, Changzhou will continue to supplement its production of Changzhou's ANDA No. 220264 with any further amendments or supplements, as well as any communications with the FDA regarding the ANDA.

4. The parties make this stipulation without prejudice to or waiver of their rights on any appeal of any judgment of this Court, except with respect to the matters of infringement as stipulated herein.

DATED: September 23, 2026

MCCARTER & ENGLISH, LLP

*/s/ Alexandra M. Joyce*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

Dov P. Grossman
Stanley E. Fisher
Kathryn S. Kayali
Anna Searle
Chorong Song
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW,
Washington, DC 20024
(202) 434-5000
dgrossman@wc.com
sfisher@wc.com
kkayali@wc.com
asearle@wc.com
csong@wc.com

*Attorneys for Plaintiffs*

SMITH, KATZENSTEIN & JENKINS LLP

*/s/ Daniel Taylor*
Neal C. Belgam (#2721)
Daniel Taylor (#6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19899-0410
302-504-1681
nbelgam@skjlaw.com
dtaylor@skjlaw.com

H. Howard Wang
RIMON, P.C.
100 Overlook Center, 2nd Flr.
Princeton, NJ 08540
(609) 931-4994
howard.wang@rimonlaw.com

*Attorneys for Defendant Changzhou Pharmaceutical Factory.*

IT IS SO ORDERED this _________ day of _________, 2026

______________________________
United States District Judge